## Commonwealth ex rel. *v.* Rowe, Appellant.

*School law—Vaccination—School directors—Mandamus—Act of June 18, 1895, P. L. 203.*

The Act of June 18, 1895, P. L. 203, imposes no duty upon school directors to exclude from a school a child who has failed to submit a certificate of vaccination signed by a physician, and mandamus cannot issue against them to compel them to exclude such a child. The duty is imposed by the act upon superintendents, principals, teachers and other persons in immediate charge of the schools.

Argued Feb. 18, 1907. Appeal, No. 326, Jan. T., 1906, by defendant, from order of C. P. Franklin Co., Feb. T., 1906, No. 105, awarding an injunction in case of Com. ex rel., Hampton L. Carson, Attorney General, v. A. H. Rowe et al., School Directors of the Waynesboro School District. Before MITCHELL, C. J., FELL, BROWN, POTTER and STEWART, JJ. Reversed.

Petition for mandamus.

The opinion of the Supreme Court states the case.

*Error assigned* was order awarding a mandamus.

*O. C. Bowers*, with him *Sharpe & Elder* for appellants.

*Frank M. Eastman*, with him *Walter & Gillan* and *M. Hampton Todd*, attorney general, for appellee.

OPINION BY MR. JUSTICE BROWN, May 13, 1907 :

The mandamus in this case went out against the school directors of the Waynesboro school district to compel them to exclude from one of its schools a child who had failed to submit a certificate signed by a physician, setting forth that she had been successfully vaccinated, or that she had previously had smallpox. Such a certificate is required by the twelfth section of the Act of June 18, 1895, P. L. 203, as a condition of a child's right to be admitted to the public schools. On this appeal the appellants raise two questions : 1. Does the twelfth section of the act of June 18, 1895, impose any duty upon school directors ? 2. Can mandamus issue against them to compel them to exclude a scholar from a public school until such scholar has furnished the certificate called for in the twelfth section of the act ?

In the petition of the attorney general for the writ there is no allegation of a failure or refusal by the appellants to perform any duty imposed upon them by the general school laws of the commonwealth. The duty which it is alleged they have neglected is specifically stated to be that of enforcing the provisions of the twelfth section of the act of June 18, 1895, and the prayer is for a writ to compel them to perform it. That section is as follows : " All principals or other persons in charge of schools as aforesaid are hereby required to refuse the admission of any child to the schools under their charge or supervision, except upon a certificate signed by a physician, setting forth that such child has been successfully vaccinated, or that it has previously had smallpox." If the duty is imposed upon the appellants as school directors to exclude from one of the public schools under their direction a child not having the certificate required by the foregoing section, the writ of peremptory mandamus properly went out ; but if, in the act invoked, no duty appears to be imposed upon them, the writ should have been denied.

The act of 1895 is " for the more effectual protection of the public health in the several municipalities of this commonwealth." It is composed of twenty-one sections, but only the eleventh, twelfth, thirteenth, fourteenth and twenty-first relate to schools. By the eleventh section no child belonging to or residing with a family in whose house any person may

be suffering from smallpox shall be permitted to attend any public, private, parochial, Sunday or other school, and " all school principals, Sunday school superintendents, or other persons in charge of such schools," are required to exclude from them, for a fixed period, children belonging to or residing with a family living in a house in which any person may be suffering from said disease.   By the twelfth section " all principals or other persons in charge of schools as aforesaid " are required to exclude children not presenting the certificate provided for in it.   By " all principals or other persons in charge of schools as aforesaid " the legislature meant principals or other persons in charge of the schools designated in the preceding section, and the twelfth section simply imposes upon them an additional duty, which is to exclude from a school in their charge a child coming even from a home in which there may have been no smallpox, unless the proper certificate is produced.   In neither the eleventh or twelfth section of the act is any reference made to school directors.   They are not named in any section of the act.   The duty to exclude children from infected homes and those not presenting the certificate of immunity from smallpox, is placed upon the principals of the schools, or other persons in charge of them. They are the ones specifically designated in the eleventh section, and in the twelfth must be understood as being the same persons upon whom duties had been imposed in the eleventh. Their natural meaning must be given to the words, " by other persons in charge of schools," and it is that the legislature intended that those having the active charge of them should be charged with the duty of excluding children, and not the directors, who have a supervisory charge of schools. By the Act of May 8, 1854, P. L. 617, directors are to " exercise a general supervision over the schools of their respective districts."   They are not in charge of the pupils who make up the schools.   Such charge is committed to the teachers— to principals and other persons assisting them.

From other portions of the act it is clear that the legislature did not intend by the twelfth section to impose any duty on directors.   In the first ten sections relating to certain duties to be performed in the interest of public health nothing is left to implication as to who are to perform them, and who

shall be responsible for failure to perform them. Coming to the eleventh and twelfth sections, it is not reasonable to hold that if the legislature intended to impose by them any duties upon directors it would have failed to name these officers. In the preceding sections physicians, boards of health, heads of families, sextons and janitors are specifically charged with duties, and as specifically made responsible for their non-performance. With these persons all so specifically named, why should directors have been omitted if the legislature intended to include them among the persons to be charged with the discharge of duties relating to health? Directors surely are as important as school principals or superintendents, and would as certainly have been named as they are named, if the legislature intended to impose any duties upon them.

From the thirteenth, fourteenth and twenty-first sections it appears still more clearly that school directors are not " other persons " charged with the duty prescribed in the eleventh section. The thirteenth section requires the health authorities of a municipality to furnish to principals or other persons in charge of schools, and to physicians, the necessary certificates or blanks for the uses and purposes set forth and required in sections eleven and twelve, but there is no direction that the same shall be furnished to school directors ; and, by the four-teenth section, it is made the duty of the health authorities to furnish daily, by mail or otherwise, to principals or other per-sons in charge of schools, a printed or written bulletin contain-ing the name, location and disease of all persons suffering from cholera, smallpox, etc., with a proviso that said authorities may, in lieu of the daily bulletin, give a notice to the school or schools attended by the children in whose home or resi-dence any of the diseases mentioned exist. Here is a distinct proviso that the daily notice may be given to the school or schools attended by the children in whose home or residence diseases may exist, and by school or schools the legislature cer-tainly meant the places where the pupils are attending, and the daily notice to be given there can be given only to teachers, for directors are not daily present at schools. But, in the twenty-first section, it conclusively appears that school direc-tors do not have any duties imposed upon them by the act, for that section, in prescribing a punishment for a neglect of

the duties prescribed by the act, imposes the penalty upon "any physician, undertaker, principal of a school, superintendent of a Sunday school, sexton, janitor, head of a family, or any other person or persons named in this act." School directors are not named in the act, and if they were to be charged with the duty that the court below held was imposed upon them, it is not conceivable that the legislature would have omitted them from the penalties imposed for its violation.

The child in this case ought to have been excluded from the school. The duty of doing so was imposed upon the principal or teacher in charge of the school, and he is not only culpable for neglecting to perform it, but has incurred the penalty prescribed by the last section of the act. The directors ought to have seen that their employee having charge of the school obeyed the injunction of the statute, and, if he did not, it would have been proper for them to exclude the child. They had the right to do so before the passage of the act of 1895: Duffield v. Williamsport School District, 162 Pa. 476, and since its passage they ought not to have hesitated in seeing that it was observed by the teachers. But that is not the question before us. We are simply to determine whether a ministerial duty was imposed upon the appellants by the act of 1895, which they have neglected to perform. No duty can be there found, and, in the absence of it, there was nothing for the court to command them to do under the petition presented.

The judgment below is reversed, and judgment is entered for the respondents on their demurrer.