## Andrew J. Duffield, Appellant, *v.* Williamsport School District.

[Marked to be reported.]

*School law—Vaccination of pupils—Discretion of directors.*

School directors may in the exercise of a sound discretion exclude from the public schools pupils who have not been vaccinated.

Whether a resolution excluding from the schools pupils who have not been vaccinated, is a reasonable one, is to be judged of in the first in-stance by the school directors.   In the present state of medical knowledge

and of concurring opinion of those having charge of the public health, the courts will not say that such a resolution is an abuse of official discretion.

Argued April 12, 1894.   Appeal, No. 496, Jan. T., 1894, by plaintiff, from order of C. P. Lycoming Co., March T., 1894, No. 504, refusing writ of mandamus.   Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Mandamus to compel school board to admit pupil.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were (1) in overruling demurrer and (2) in refusing writ.

*W. H. Spencer*, for appellant.—Nowhere do we find that the city of Williamsport has ever been given, in express terms, the power to enforce compulsory vaccination, and if the city has such power at all, it must arise by necessary implication.

Any fair, reasonable doubt concerning the existence of the power is resolved by the courts against the corporation, and the power is denied: 1 Dillon's Mun. Corp., 3d ed. §§ 89, 91 and note; Cooley's Con. Lim., 6th ed., pp. 227, 231, 487; Endlich, Stat. §§ 340, 352 and authorities cited; 15 A. & E. Ency. L., p. 1041; 2 Kent's Com., 12th ed., p. 298; Municipal Police Ord., Horr & Bemis, § 17.

Against the body of a healthy man, no man or body of men has any right of assault whatever under the pretence of public health, nor any more against the body of a healthy child: Bertholf v. O'Rielly, 74 N. Y. 509; Slaughter House Cases, 16 Wall. 116; People v. Marx, 99 N. Y. 386.

This ordinance is an exercise of the police power of the state. Now the police power is grounded upon inevitable necessity— the necessity that all men are under of so exercising their own rights as not to infringe upon the equal rights of others: Cooley's Con. Lim., 6th ed. 705; 2 Kent's Com., 12th ed. 340; Phila. v. Scott, 81 Pa. 80; 1 Dillon's Mun. Corp., 3d ed. 141.

Grant, however, that such a power could constitutionally be exercised; we claim that it belongs to a class of extraordinary powers that must be clearly conveyed.   And if there be any doubt, it must be resolved against the corporation: 4 A. & E.

Ency. L., pp. 212, 213 and notes; Breninger v. Belvidere, 44 N. J. L. 350; Municipal Police Ord., Horr & Bemis, § 16; Green's Brice's Ultra Vires, 2d ed. 29, note; Potter's Dwarris on Stat., p. 255.

The act of 1851, P. L. 322, gives the city power to enforce its regulations by "fines and penalties incurring partial or total forfeitures." It is a well established proposition of law that when the charter or general law, under which a municipality is incorporated, prescribes the manner in which its by-laws or regulations are to be enforced, the corporation is precluded from enforcing them in any other way: 2 Bl. Com. 267; 15 A. & E. Ency. L., p. 1042, § 3 and note; 17 Ib., art. xxviii, p. 260; 1 Dillon's Mun. Corp., 3d ed. §§ 336, 337, 339, and note, 410; Mun. Police Ord., Horr & Bemis, § 148; Barter v. Com., 3 P. & W. 253; Leland v. Commissioners, 42 N. J. L. 375; Hart v. Albany, 3 Paige, 811.

By act of May 8, 1854, P. L. 621, sec. 23, the board of directors are required to make school provision for all the children in the district, between the ages of six and twenty-one years, who may apply for admission. This law gives to every child in the school district the right to attend the public schools; and the only requisites necessary for admission are age and residence in the district: Nicklas's Petition, 146 Pa. 217; School Laws and Dec., 1892 ed., p. 34; Cooley's. Con. Lim., 6th ed. 247; Livingston v. Wolf, 136 Pa. 533.

The federal constitution prescribes that "no state shall deprive any person of life, liberty or property, without due process of law:" 14th amendment. And the constitution of Pennsylvania, art. 1, § 9: "nor can he be deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land." And the provisions are declared to be identical in legal meaning: Cooley's Con. Lim., 6th ed. 429; Tiedeman's Police Power, § 21; Stuart v. Palmer, 74 N. Y. 190; Bertholf v. O'Rielly, 74 N. Y. 516; People v. Marx, 99 N. Y. 386. In all cases where persons are deprived of any rights, their forfeiture must be judicially determined: 1 Dillon's Mun. Corp., 3d ed. § 347 et seq.; Cooley's Con. Lim., 6th ed., pp. 125, 316, 318, 442, 444; Hodgson v. Millward, 3 Grant, 406; Mun. Police Ord., Horr & Bemis, § 163; Fetter v. Wilt, 46 Pa. 460; Tiedeman's Police Power, § 31a; Taylor v.

Porter, 4 Hill (N. Y.), 146–7; Rockwell v. Nearing, 35 N. Y. 302–7; Wynehamer v. People, 13 N. Y. 378, 394–5, 419.

While the municipal authorities may classify its inhabitants, and prescribe different regulations for different classes, the classification must be based upon some reasonable distinction, and unless it is so based, and unless the regulation is made to apply impartially to all who are similarly situated, it is void: Cooley's Con. Lim., 6th ed., pp. 481, 484; 1 Dillon's Mun. Corp., 3d ed. § 322; Reimer's Appeal, 100 Pa. 182, 185; Livingston v. Wolf, 136 Pa. 533; Danville Boro. v. Peters, 8 Luz. Leg. Reg. 273; Knoxville v. Bird, 47 Am. R. 326; Gale v. Kalamazoo, 9 Am. R. 81; Chicago v. Rumpff, 45 Ill. 90; Shreveport v. Levy, 21 Am. R. 553; 1 Cooley's Con. Lim., 6th ed. 240; 1 Dillon's Mun. Corp., 3d ed. §§ 319, 320, 322; 17 A. & E. Ency. L. 253.

The child is primarily subject to the control of the parent, and unless the parent permits the child to be vaccinated, he is unable to comply with the requirements of this ordinance. So that as to such children the ordinance prescribes an impossible condition: Morrow v. Wood, 17 Am. R. 471; Rulison v. Post, 79 Ill. 567; Trustees v. People, 87 Ill. 303; 1 Dillon's Mun. Corp., 3d. ed. § 319; Cooley's Con. Lim., 6th ed. 240.

The police power, all pervading as it is, is always subservient to the constitution of the state: 1 Dillon's Mun. Corp., 3d ed. §§ 141, 142; Cooley's Con. Lim., 6th ed., pp. 78, 79, and note, 238–9; Tiedeman's Pol. Power, p. 5; 18 A. & E. Ency. L., p. 746; Endlich on Stat. § 533; Constitution of Pa., art. 10, § 1; Laws of 1854, p. 621.

Art. 10, § 1, of the constitution contains a mandatory direction to the legislature to make school provision for all the children of the commonwealth above the age of six years; and by stating the conditions for admission, viz: residence and proper age, the constitution fixes the qualifications which school children must possess: Nicklas's Petition, 146 Pa. 217; School Laws and Dec., ed. 1892, p. 34; Cooley's Con. Lim., 6th ed. 105; Page v. Allen, 58 Pa. 347; Patterson v. Barlow, 60 Pa. 85; Stuart v. Balmer, 74 N. Y. 183; Henderson v. Mayor, 92 U. S. 268.

A school district is a quasi corporation: Cooley's Con. Lim., 6th ed. 294; Wharton v. Directors, 42 Pa. 362. It is directed

for educational purposes and can exercise no power except for those purposes: 21 A. & E. Ency. L. 780; Ford v. School Dist., 22 W. N. 346; School Dist. v. Fuess, 98 Pa. 600; School Dist. v. Thompson, 5 Minn. 221; Stevenson v. School Dist., 87 Ill. 255. As such corporation, it can exercise only the following powers: (1) Those expressly granted; (2) those absolutely necessary to the accomplishment of the purpose for which school boards are created; (3) those necessarily or fairly implied in the powers expressly granted: 1 Dillon's Mun. Corp., 3d ed. §§ 24, 25, 89, 91, and notes; Cooley's Con. Lim., 6th ed., pp. 224, and note, 227, 231; Board v. Stephenson, 16 W. N. 124; Ford v. School Directors, 121 Pa. 543; School Directors v. Fuess, 98 Pa. 600. The powers granted must be construed with reference to the object of the grant: Endlich on Stat. § 73; Cooley's Con. Lim., 6th ed. 260; 1 Dillon's Mun. Corp., 3d ed. § 91; and are to be strictly construed: 1 Dillon's Mun. Corp., 3d ed. § 91; Endlich on Stat. § 340; 15 A. & E. Ency. L. 1041; 2 Kent's Com., 12th ed. 298.

An examination of all the statutes relating to the common schools, shows that the legislature has nowhere given to school boards in express terms the power to prescribe vaccination as a necessary qualification for admission into the common schools, or to suspend or expel pupils who fail to comply with a rule requiring vaccination: Brenninger v. Belvidere, 44 N. J. L. 350; Green's Brice's Ultra Vires, 2d ed. 29; Potter's Dwarris on Stat. 255; Van Horn v. Dorrance, 2 Dall. 316.

While the board may make reasonable regulations to preserve the order of the schools, and to protect the health, lives and limbs of the children while they are under its control, it is not a conservator of the public peace nor of the public health. Over the children it has but a limited control, derived entirely from the parents, viz: that of restraint and correction and then only for educational purposes: 1 Bl. Com., p. 453, and note; 17 A. & E. Ency. L., p. 352; 21 Ib. 768; Cooley's Con. Lim., page 415; School Laws and Dec., ed. 1892, p. 58, § 101; Lander v. Seaver, 76 Am. Dec. 156; State v. Mizner, 32 Am. R. 128; Morrow v. Wood, 17 Am. R. 471. And this control is concurrent with that of the parent. For all general purposes the parent's control follows the child into the schoolroom: Rulison v. Post, 79 Ill. 567; Trustees v. People, 87 Ill. 303;

Morrow v. Wood, 17 Am. R. 471 ; Dritt v. Snodgrass, 27 Am. R. 343.

A regulation of this character must, first of all, be general in its application and reasonable in its character : Reimer's Ap., 100 Pa. 182 ; Livingston v. Wolf, 136 Pa. 533 ; 1 Dillon's Mun. Corp., 3d ed. 319, 332 ; Cooley's Con. Lim., 6th ed. 240, 481 ; Fertrich v. Michener, 60 Am. R. 709.

*Frank P. Cummings*, for appellee.—School districts are not municipal corporations, but are organized under the general laws of the state, and fall within the class of corporations known as quasi corporations : 1 Dillon's Mun. Corp. 24.

The directors acted within a sound discretion : Throop on Public Officers, § 542 ; Dillon's Mun. Corp. § 832 ; Rittenhouse v. Creasy, 2 Luz. Leg. Reg. 244.

Where there is nothing but an indiscreet exercise of a clearly granted discretion, a party will vex the judicial ear in vain, for the judicial arm can redress no such wrong : Wharton v. School Directors, 42 Pa. 363 ; School Directors of Cogenhouse Township, 2 Pa. C. C. R. 498 ; Roth's Ap., 158 Pa. 272 ; Freeman v. School Directors, 37 Pa. 385 ; School Director's Petition, 3 Luz. Leg. Reg. 107 ; Ohio Township School Directors, 9 Pa. C. C. R. 394 ; Griffith v. Cochran, 5 Bin. 102 ; Rittenhouse v. Creasy, 2 Luz. Leg. Reg. 244.

Plaintiff contends that the personal liberty of the individual is encroached upon by this act of defendant. The right of personal liberty is defined by Blackstone to consist in the free power of locomotion, without illegal restraint or banishment. In this case the personal liberty of the entire school is sought to be destroyed by the one against the many. It was never intended that the safety of the community should be jeopardized to satisfy the whim of a small minority.

Vaccination is not a medical treatment, as contended by appellant, but a preventive, a precautionary measure to prevent the spread of disease.

Defendant has discretionary powers to prescribe sanitary measures for the prevention of the spread of contagious diseases. By the admitted facts in this case there was grave danger in the city of Williamsport from the spread of the disease of smallpox at the time of the action complained of, and

the danger continued up to the date of the trial in the court below. In excluding plaintiff's child from the public schools, until he complied with the order for the vaccination, defendant acted in good faith, and for the best interest of the public schools, and in so doing exercised a clearly granted discretion that this court has no power to disturb by mandamus.

Although the proposition that the legislature of a state is alone competent to make laws is true, yet it is also settled that it is competent for the legislature to delegate to municipal corporations the power to make by-laws and ordinances, with appropriate sanction, which, when authorized, have the force, in favor of the municipality, and against the persons bound thereby, of laws passed by the legislature of the state : 1 Dillon's Mun. Corp. § 308 ; Par. 17, § 2, act of April 3, 1851, P. L. 322.

OPINION BY MR. JUSTICE WILLIAMS, July 11, 1894:

The plaintiff seeks to compel by a writ of mandamus the admission of his minor son to the common school of the city of Williamsport. The board of school directors admits that the child is of proper age, is in good health, and possesses the qualifications that are enumerated in the general school laws as those that entitle him to admission. They allege however that he is excluded because of non-compliance with a regulation adopted in the exercise of a proper measure of care for the public health. The facts appearing in the answer are substantially as follows :

First. That the city of Williamsport provided by an ordinance adopted in 1872 and still in full force that no pupil "shall be permitted to attend any public or private school in said city without a certificate of a practicing physician that such pupil has been subjected to the process of vaccination." Second. That smallpox now exists in Williamsport and "is and has been epidemic in many near by cities and towns." Third. That in view of this situation the attention of the school board was drawn to the subject by a communication from the board of health requesting them to take action "to the effect that no pupil shall attend the schools of this city except they be vaccinated or furnish a certificate from a physician that such vaccination has been performed." Fourth. That upon considering this communication "and from the gen-

eral alarm prevailing in the city over the report that a case of smallpox was in the city " they adopted a resolution in conformity with the recommendation of the board of health. Fifth. That this resolution is not enforced against those not at present in a condition to undergo vaccination; and as to those unable to bear the expense, the board provide vaccination without charge.

The plaintiff demurred to this answer, and the questions thus raised are over the power of the school board to adopt reasonable health regulations for the benefit of their pupils and the general public, and over the reasonableness of the particular regulation complained of in this case. It should be borne in mind that there is no effort to compel vaccination. The school board do not claim that they can compel the plaintiff to vaccinate his son. They claim only the right to exclude from the schools those who do not comply with such regulations of the city and the board of directors as have been thought necessary to preserve the public health. It would not be doubted that the directors would have the right to close the schools temporarily during the prevalence of any serious disease of an infectious or contagious character. This would be a refusal of admission to all the children of the district. They might limit the exclusion to children from infected neighborhoods, or families in which one or more of the members was suffering from the disease. For the same reason they may exclude such children as decline to comply with requirements looking to prevention of the spread of contagion, provided these requirements are not positively unreasonable in their character.

Is the regulation now under consideration a reasonable one ? That is to be judged of in the first instance by the city authorities and the school board. It is only in the case of an abuse of discretionary powers that the court will undertake to supervise official discretion. Vaccination may be, or may not be, a preventive of smallpox. That is a 'question about which medical men differ and which the law affords no means of determining in a summary manner. A decided majority of the medical profession believe in its efficacy. The municipal regulations of many, and I have no doubt of most, of the cities of this state and country, provide for it. In the present state of medical knowledge and public opinion upon this subject it

would be impossible for a court to deny that there is reason for believing in the importance of vaccination as a means of protection from the scourge of smallpox. The question is not one of science in a case like the present. We are not required to determine judicially whether the public belief in the efficacy of vaccination is absolutely right or not. We are to consider what is reasonable in view of the present state of medical knowledge and the concurring opinions of the various boards. and officers charged with the care of the public health. The answers of the city and the school board show the belief of the proper authorities to be that a proper regard for the public health and for the children in the public schools, requires the adoption of the regulation complained of. They are doing, in the utmost good faith, what they believe it is their duty to do; and though the plaintiff might be able to demonstrate by the highest scientific tests that they are mistaken in this respect, that would not be enough. It is not an error in judgment, or a mistake upon some abstruse question of medical science, but an abuse of discretionary power, that justifies the courts in interfering with the conduct of the school board or setting aside its action. It is conceded that the board might rightfully exclude the plaintiff's son if he was actually sick with, or was just recovering from, the smallpox. Though he might not be affected by it, yet if another member of the same family was, the right to exclude him, notwithstanding he might be in perfect health, would be conceded. How far shall this right to exclude one for the good of many be carried? That is a question addressed to the official discretion of the proper officers; and when that discretion is honestly and impartially exercised the courts will not interfere.

The learned judge of the court below reached a correct conclusion in this case, and his decree is now affirmed at the cost of the appellant.