HUTCHINS v. DURHAM.

(Filed November 30, 1904).

SCHOOLS—*Vaccination.*

> Where a school board has entire and exclusive control of the
> public schools, they may require vaccination as a prerequisite
> to attendance.

ACTION by J. W. Hutchins against the School Committee
of the town of Durham and others, heard by *Judge H. R.
Bryan,* at chambers, in Greensboro, N. C., October 28, 1904.
From a judgment for the defendant the plaintiff appealed.

*Manning & Foushee* and *Boone & Reade,* for the plaintiff.
*J. Crawford Biggs,* for the defendant.

CLARK, C. J. This is an application for a *mandamus* to
the defendant Public School Committee to admit the daugh-
ter of the plaintiff to the public schools. The sole question
presented is whether the following resolution is a reasonable
exercise of the powers of the school committee of the city of
Durham:

"WHEREAS, from the report and recommendation of Dr.
N. M. Johnson, Superintendent of Health of Durham
County, in the judgment of this committee general vaccina-
tion of teachers and children attending the schools is desired
and required for the public safety. Now, therefore, be it

"*Resolved,* That no teacher or pupil be allowed to attend
any school of the city of Durham, after April 1, 1904, who
does not present to the principal of such school a certificate of
a physician of the city, showing that such teacher or pupil
has been successfully vaccinated within three years from that
time, unless such person has been vaccinated within ten days
preceding the date he or she presents himself or herself for

such attendance, and this resolution shall be a permanent regulation of the schools."

The graded schools of the city of Durham are under the exclusive control, care, supervision and management of the defendant the school committee of the town (now city) of Durham. Acts of 1887, chap. 86. Among other things it is enacted in said Act of 1887, creating and making a body corporate the defendant, as follows:

"Sec. 5. That the school committee provided by this act shall have entire and exclusive control of the public school interests and property in the town of Durham; shall prescribe rules and regulations for their own government not inconsistent with the provisions of this act; shall employ and fix the compensation of officers and teachers of the public school or graded public schools annually, subject to removal by the said committee; shall make an accurate census of the school population of the town as required by the general school law of the State, and do all other acts that may be just and lawful to conduct and manage the public school interests in said town: *Provided,* all children resident in the town of Durham, between the ages of six and twenty-one years, shall be admitted into said schools free of tuition charges."

An epidemic of small-pox prevailed in the city of Durham and its suburbs last spring, not less than a thousand persons being attacked, and the above resolution was passed as a protection to the two thousand five hundred children in the schools of that city, the attendance in which had fallen off forty per cent. by reason of the fear of contagion. These facts are averred in the answer and found to be true by the Judge. In our judgment the resolution was a proper and reasonable exercise of the powers of the defendant.

This is not a question of compulsory vaccination under legislative authority. That matter was before us and settled in *State v. Hay,* 126 N. C., 999, 78 Am. St. Rep., 691, 49

L. R. A., 588, but simply whether if a child is not vaccinated the school board can as a precautionary measure exclude all such from the school, by a resolution, under the power given in the charter to "have entire and exclusive control of the public school interest and property in the town of Durham, prescribe rules and regulations,   *   *   *   and do all other acts that may be just and lawful to conduct and manage the public school interests in said town."

A similar resolution passed by the St. Louis board of public schools was held reasonable and valid (*In re Rebenack,* 62 Mo. App., 8), the Court saying: "In the nature of things it must rest with the boards to determine what regulations are needful for a safe and proper management of the schools and for the physical and moral health of the pupils entrusted to their care. If said regulations are not oppressive or arbitrary the Court cannot or should not interfere." The same ruling was made as to a similar resolution in *Duffield v. Williamsport,* 162 Pa., 476, 25 L. R. A., 152; the Court holding "A school-board has power to adopt reasonable health regulations for the benefit of pupils and the general public, and has the right to exclude from the schools those who do not comply with the regulations of the city authorities and the school-board requiring a certificate of vaccination as a condition of attendance." To the same purport it is said in *State v. Zimmerman,* 86 Minn., 353, 58 L. R. A., 78, 91 Am. St. Rep., 351: "The welfare of the many is superior to that of the few, and as regulations compelling vaccination are intended and enforced solely for the public good, the rights conferred thereby are primary and superior to the rights of any pupil to attend the public schools." In *Blue v. Beach,* 135 Ind., 121, 50 L. R. A., 64, 80 Am. Rep., 195, it is pointed out that the constitutional guarantee that tuition shall be free and the schools equally open to all is necessarily subject to reasonable regulations to enforce discipline by expulsion of

the disorderly and protection of the morals and health of the pupils. The above cases are cited with approval in *State v. Hay,* 126 N. C., 999. To same purport is *Sherman v. Charleston,* 8 Cush., 160, where *Shaw, C. J.,* says: "The right to attend is not absolute, but one to be enjoyed by all on reasonable conditions."

The plaintiff relies upon *Potts v. Breen,* 167 Ill., 67, 39 L. R. A., 152, 59 Am. St. Rep., 262, that in the absence of express legislative power a resolution requiring vaccination as a prerequisite to attending schools is unreasonable, when small-pox does not exist in the community and there is no reasonable ground to apprehend its appearance. We are not inclined to follow that authority. With the present rapid means of inter-communication, small-pox may make its appearance in any community at any moment without any notice given beforehand, and incalculable havoc be made, especially among the school-children, which cannot be remedied by a subsequent order excluding the non-vaccinated. "An ounce of prevention is worth a pound of cure." Besides, that case is not in point here, where small-pox had been epidemic and was still threatening. The language of the resolution making it "permanent" will not prevent its repeal, if upon the subsidence of the danger the school-board of that day shall deem it proper to repeal. If the action of the board is not satisfactory to the public, a new board will be elected who will rescind the resolution.

The fact that it would be dangerous to vaccinate the plaintiff's daughter, owing to her physical condition, would be a defense for her to an order for general compulsory vaccination (*State v. Hay, supra*), but is no reason why she should be excepted from a resolution excluding from the school all children who have not been vaccinated. That she cannot safely be vaccinated may make it preferable that she herself should run the risk of taking the small-pox, but is no reason

that the children of the public school should be exposed to like risk of infection, through her, or others in like case. Though the school children are vaccinated, there are always some whose vaccination is imperfect, and danger to them should not be increased by admitting those not vaccinated at all. Besides, a rule not enforced to all alike will soon cease to be a rule enforcible at all.

No Error.