## ZUCHT v. SAN ANTONIO SCHOOL BOARD.   (No. 5318.)†

(Court of Civil Appeals of Texas. San Antonio. Oct. 21, 1914. Rehearing Denied Nov. 18, 1914.)

1. SCHOOLS AND SCHOOL DISTRICTS (§ 172*)—POWERS OF SCHOOL BOARD—REGULATIONS.

A regulation imposed by a school board under its general powers and without express authority must be reasonable.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 343; Dec. Dig. § 172.*]

2. SCHOOLS AND SCHOOL DISTRICTS (§ 172*)—REGULATIONS—CONSTRUCTION—JURY QUESTION.

Whether an ordinance, or a regulation of a quasi municipal corporation as a school board, is reasonable, is a question of law for the court, although it may depend largely upon surrounding circumstances.

[Ed. Note.—For other cases, see Schools and Sch. Districts, Cent. Dig. § 343; Dec. Dig. § 172.*]

3. SCHOOLS AND SCHOOL DISTRICTS (§ 172*)—POWER OF SCHOOL BOARD—REGULATIONS.

A municipal ordinance, or a regulation passed by a quasi municipal corporation as a school board, is prima facie valid.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 343; Dec. Dig. § 172.*]

4. SCHOOLS AND SCHOOL DISTRICTS (§ 158*)—REGULATIONS—VALIDITY.

When an epidemic exists or the danger from smallpox is imminent, a regulation of a school board requiring the children to be vaccinated before they can attend school is not unreasonable.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 329; Dec. Dig. § 158.*]

5. SCHOOLS AND SCHOOL DISTRICTS (§ 158*)—REGULATIONS—VALIDITY.

A rule of a school board requiring the vaccination of pupils as a condition to their attending school, passed at a time when an epidemic of smallpox was imminent, was not invalid because it did not provide when it should expire; the rule automatically expiring when the conditions changed.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 329; Dec. Dig. § 158.*]

6. CONSTITUTIONAL LAW (§ 278*)—DUE PROCESS OF LAW — UNREASONABLE REGULATIONS.

A rule of a school board requiring pupils to present a vaccination certificate as a condition to attendance, which also provided that vaccination should be deferred for 60 days upon a certificate from a physician and concurrence by the school physician that vaccination would imperil the pupil's health, and that it might be further deferred upon order of the board of health and the school physician, is not unreasonable as conferring upon the board of health and the school physician arbitrary powers, and so is not invalid under Const. art. 1, § 19, and Const. U. S. Amend. 14, prohibiting the deprivation of life, liberty, or property without due process.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 763, 765, 767–770, 772–777, 779–806, 808–810, 816–824, 907–924, 942; Dec. Dig. § 278.*]

7. SCHOOLS AND SCHOOL DISTRICTS (§ 158*)—REGULATIONS—VALIDITY.

A regulation of a school board requiring vaccination of pupils as a condition to attendance does not violate Const. art. 7, §§ 1–3, 5, which declare that, a general diffusion of knowledge being essential, the Legislature shall make suitable provision for the support and maintenance of an efficient public school system and provide a means by which state revenues may be used for school needs.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 329; Dec. Dig. § 158.*]

8. SCHOOLS AND SCHOOL DISTRICTS (§ 158*)—REGULATIONS—VALIDITY.

A regulation requiring vaccination before children could attend school is not in violation of Rev. St. 1911, arts. 2899, 2900, declaring that all children of school age shall be entitled to school privileges; the statute not depriving school authorities of the right to pass necessary regulations for protection of the health of pupils.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 329; Dec. Dig. § 158.*]

9. TRIAL (§ 350*)—VERDICT—SPECIAL VERDICTS.

In a suit to compel the school board to receive children without the vaccination which was required by the rules, a special issue submitting the question whether smallpox constituted a menace to the public health in the vicinity was not misleading.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 828–833; Dec. Dig. § 350.*]

10. APPEAL AND ERROR (§ 1070*)—REVIEW—HARMLESS ERROR.

Where the evidence was such that the court would have been justified in instructing a general verdict for defendant, errors in special issues submitting the question to the jury are harmless to plaintiff.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4231–4233; Dec. Dig. § 1070.*]

11. APPEAL AND ERROR (§ 1070*)—REVIEW—HARMLESS ERROR.

Where answers to other special issues were sufficient to sustain the judgment for defendant, plaintiff cannot complain of errors in other findings by the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4231–4233; Dec. Dig. § 1070.*]

12. EVIDENCE (§ 5*)—JUDICIAL NOTICE.

The courts will take judicial notice that vaccination is, in the common belief, a preventive of smallpox; and hence, where it was contended that a regulation of a school board requiring vaccination of the pupils was invalid, it is unnecessary for the jury to find that vaccination is a preventive of smallpox.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 4; Dec. Dig. § 5.*]

13. APPEAL AND ERROR (§ 1070*)—REVIEW—HARMLESS ERROR.

In a suit to compel the board of a school district to admit pupils without vaccination, plaintiff cannot complain that the jury improperly found that vaccination was a preventive of smallpox, where the school board had the

right to determine that question and determined it adversely to him.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4231–4233; Dec. Dig. § 1070.*]

14. SCHOOLS AND SCHOOL DISTRICTS (§ 158*) —POWER OF SCHOOL BOARD.

The school board of an independent school district authorized by the act creating it to make rules for the protection of health may require vaccination to prevent the spread of smallpox, even though the danger from the disease was equally great in places under the control of the city where no such regulation was imposed.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 329; Dec. Dig. § 158.*]

15. EVIDENCE (§ 14*)—JUDICIAL NOTICE.

The courts can take judicial notice that the danger of contagion from smallpox is equally great in theaters and street cars as in the schools.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 19; Dec. Dig. § 14.*]

Appeal from District Court, Bexar County; W. F. Ezell, Judge.

Suit by A. D. Zucht against the San Antonio School Board. From a judgment for defendant, plaintiff appeals. Affirmed.

J. A. Lipscomb and Don A. Bliss, both of San Antonio, for appellant. Arnold, Cozby & Peyton and S. D. Hopkins, all of San Antonio, for appellee.

MOURSUND, J. A. D. Zucht, as next friend of his infant children, Arthur William and Rosalyn, sued the school board of the San Antonio independent school district, which is a corporation duly incorporated by special act of the Legislature as an independent school district, and against Charles J. Lukin, the superintendent of the public free schools of said district, praying for a peremptory writ of mandamus requiring said board and superintendent to admit said children to attendance in the public schools of the district, and also praying for a writ of injunction restraining the board and superintendent from enforcing a certain rule or regulation adopted by the board with respect to vaccination, which rule was to be effective at the February term. The case was submitted upon the following special issues:

"(1) Is the danger of an epidemic of smallpox imminent at this time in the city of San Antonio? (2) Do the existing conditions in reference to smallpox constitute a menace to the public health? (3) Is the regulation of the San Antonio school board requiring vaccination of the children reasonably necessary for the preservation of the public health by preventing the spread of smallpox?"

The first question was answered in the negative, and the other two in the affirmative. The verdict was returned March 10, 1914. Judgment was entered denying plaintiff the relief prayed for.

### Conclusions of Fact.

1. The San Antonio school board of the San Antonio independent school district was incorporated by special act of the Legislature and given the exclusive management and control of the public free schools in said district. Its charter provides:

"Said board shall have the power to make reasonable rules and regulations for the government and conduct of said schools and for the protection of the health and safety of those attending such schools and to enforce such rules and regulations, but such rules and regulations shall not be in conflict with the general laws of the state."

2. Chas. J. Lukin was the superintendent of the schools in said district.

3. About January 12, 1914, the said school board adopted a new rule with reference to vaccination of children, which reads as follows:

"That in order to make more effective the ordinances of the city of San Antonio and to assist the city in the enforcement of its ordinances the following rule is adopted: No pupil or teacher shall be admitted at the February term of school without presenting a proper certificate from a physician practicing in conformity with the laws of this state showing successful vaccination within seven years; or unless such certificate is on record. Provided that, if an unsuccessful vaccination is shown, such teacher or pupil shall be admitted if compliance with paragraphs (b) and (c) hereinafter set forth is shown. Providing further that, if any child or teacher shall bring a certificate from such physician to the effect that the health of the teacher or child is such that vaccination should not be done, then, if the school physician so recommends, vaccination may be postponed sixty days, at the end of which time, a certificate of vaccination shall be required. If, however, after the expiration of the sixty days above mentioned the child should again produce a certificate from such physician that vaccination should not be done, the question shall be referred to the board of health of the city together with the school physician to determine whether and how long said child may attend the public schools of this city without vaccination."

4. Prior to the adoption of said rule, the board had a rule requiring vaccination, but containing an exception permitting children to attend without vaccination if their parent or guardian filed with the superintendent an affidavit that he conscientiously believed vaccination would be prejudicial to the health of the child.

5. Under such prior rule, A. D. Zucht had filed such an affidavit, and his children, Arthur William and Rosalyn, aged 12 and 9 years, had been attending the public schools. They were both in perfect health, but had never been vaccinated because their parents would not permit them to be vaccinated, so at the February term, 1914, they were refused admittance to the public schools because they had not been vaccinated.

6. The findings of the jury in answer to special issues Nos. 1 and 2, set out in stating the case, are sustained by the evidence and are adopted by us. The county health officer, Dr. Berry, testified that from October, 1913, to the date of the trial, there had been about 61 cases of smallpox in Bexar county, of which number 21 or 22 were from the city of San Antonio; that on the date of the trial

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

he had 21 cases in the detention hospital, and had two cases in the city which he expected to take to the detention hospital the next day, one of said cases being a child which had been attending the public schools; that probably six or eight of the cases from the city were Mexicans who came in from Mexico. This testimony is uncontradicted. One physician testified that reputed cases of smallpox he had examined were in fact chickenpox, but admitted he had seen none of the cases reported as smallpox by the health authorities. Several witnesses gave negative testimony to the effect that they knew of no cases, and had heard of none. One of appellant's witnesses testified that he knew a great many Mexicans came from Mexico during the preceding December and January. This was uncontradicted, and so was the testimony to the effect that the sanitary conditions in the Mexican portion of the city are not as good as in other portions, and that the lower classes of Mexicans are very secretive about diseases and dislike to call in physicians.

7. The limits of the San Antonio independent school district coincide with those of the city of San Antonio, which city has a population of about 100,000. The charter of said city empowers it by ordinance:

"To do all acts and make all regulations which may be deemed necessary for the protection and promotion of health or the suppression of disease; * * * to prevent the introduction of contagious diseases into the city, to make quarantine laws for that purpose and to enforce the same within the five miles of the city, and to make all ordinances and regulations to prevent the spread of any contagious disease within the city limits; to enforce vaccination and to establish hospitals and pest houses, and to regulate the establishment of private hospitals."

8. Said city has adopted no other ordinance with respect to vaccination than one providing that no child or other person shall be permitted to attend any of the public schools, or any place of education within the city, unless such child or other person shall first present a certificate from some duly qualified physician to the city physician that such child or other person has been successfully vaccinated within six years preceding the time at which such child or person desires to attend school. The ordinance is lengthy, but we consider it unnecessary to state its other provisions, which are merely for the purpose of carrying into effect the provision above set out.

9. "There are a large number of establishments in said city conducting moving picture shows where great crowds of men, women, and children daily and nightly assemble in close personal contact. There are number of theaters in said city where large concourses of men, women, and children assemble in close personal contact almost daily and nightly. There are a number of factories in said city where crowds of men, women, and children are assembled and working together in close personal contact every day in the week except Sunday. There are in said city a number of churches where concourses of men, women, and children assemble together in close contact every Sunday. There is a system of street car lines operated in said city carrying day and night crowds of passengers who are pressed close together on the seats of the cars and in the aisles of said cars. There are a number of passenger depots of railroads in said city where large crowds of men, women, and children daily and nightly assemble, and where passengers assemble for the purpose of taking passage upon trains for other points from said city, and where large crowds of passengers get off trains coming into the city. There is in said city what is called the 'Mexican Quarter,' a portion of the city having approximately 10,000 inhabitants where the sanitary conditions are not good and where crowds of children daily and nightly assemble as well as crowds of men and women in close personal contact."

### Conclusions of Law.

[1-3] 1. As the Legislature did not expressly empower the school board to adopt the regulation in question, it must be determined whether the same is reasonable. Whether an ordinance or regulation is reasonable is a question of law for the court, but frequently the solution of the question is dependent upon the operation of the ordinance or regulation upon particular persons or conditions of fact which cannot be known to the court until made to appear by evidence. Conditions may change, so that an ordinance when applied thereto may be arbitrary, unjust, and oppressive. The following language is quoted with approval in the case of Railway v. City of Dallas, 98 Tex. 417, 84 S. W. 655, 70 L. R. A. 850:

"Much must be left to the judgment and discretion of the city council, and when they have exercised their judgment and discretion in passing an ordinance it is prima facie valid, and, to justify a court in setting aside their action, its unreasonableness, and the want of necessity for it as a measure for the protection of life and property, must be clear, manifest, and undoubted, so as to amount, not to a fair exercise, but an abuse of discretion, or a mere arbitrary exercise of the power of the council."

See, also, Dillon on Municipal Corporations (5th Ed.) vol. 2, §§ 591–599; Austin v. Cemetery Ass'n, 87 Tex. 330, 28 S. W. 528, 47 Am. St. Rep. 114; Railway v. Matherly, 35 Tex. Civ. App. 604, 81 S. W. 589; City of Brenham v. Holle & Seelhorst, 153 S. W. 348.

[4] 2. The power of local bodies to require the vaccination of school children as a condition to their admission to public schools, in the absence of express authority, is dependent upon the conditions existing in the community with reference to smallpox. When an epidemic exists or is imminent there can be no doubt that the power may be exercised. It has also been held that such regulations may be adopted and enforced

when smallpox exists in a community, and by some courts the expression is used that such regulations may be adopted when an epidemic is reasonably apprehended. In this case it was found that no epidemic existed or was imminent, but that the existing conditions with reference to smallpox constituted a menace to the public health. We conclude from our investigation of the authorities that it is not necessary for an epidemic to exist or be imminent in order for the school board to be justified in adopting and enforcing the regulation complained of, because, if the conditions are such that they constitute a menace to the public health, it cannot be said that the board's action was unreasonable and that the want of necessity for the measures has been shown to be "clear, manifest, and undoubted." If existing conditions constitute a menace to the public health, an epidemic is threatened, and it cannot be said that it did not reasonably appear to the board to be necessary to adopt the regulation. If much must be left to the discretion of the board, certainly the undisputed facts in this case and the finding of the jury in response to the second issue show that the board has not abused its discretion. McSween v. Board of School Trustees, 129 S. W. 206; note to case of People v. Board of Education, 17 L. R. A. (N. S.) 709.

[5] 3. It is contended that, as the regulation in question does not provide when it is to expire, it is permanent and to be enforced whether or not conditions justify it, and therefore void. We cannot agree with such contention. Ordinances and regulations which are valid when measured by existing conditions become unenforceable when such conditions cease. Dillon on Municipal Corporations (5th Ed.) § 591. But they need not provide the time when they shall cease to be in effect or that they shall expire when certain conditions change. In the case of Hutchins v. School Committee, 137 N. C. 68, 49 S. E. 46, 2 Ann. Cas. 340, the Supreme Court of North Carolina held an objection similar to the one here made as without merit. In this connection we quote from the opinion of the United States Supreme Court in the case of Jacobson v. Massachusetts, 197 U. S. 11, 25 Sup. Ct. 358, 49 L. Ed. 643, 3 Ann. Cas. 765, the following:

"Before closing this opinion we deem it appropriate, in order to prevent misapprehension as to our views, to observe—perhaps to repeat a thought already sufficiently expressed, namely—that the police power of a state, whether exercised by the Legislature, or by a local body acting under its authority, may be exerted in such circumstances, or by regulations so arbitrary and oppressive in particular cases, as to justify the interference of the courts to prevent wrong and oppression. Extreme cases can be readily suggested. Ordinarily such cases are not safe guides in the administration of the law. It is easy, for instance, to suppose the case of an adult who is embraced by the mere words of the act, but yet to subject whom to vaccination in a particular condition of his health or body would be cruel and inhuman in the last degree. We are not to be understood as holding that the statute was intended to be applied to such a case, or, if it was so intended, that the judiciary would not be competent to interfere and protect the health and life of the individual concerned."

[6] 4. It is also contended that the regulation is unreasonable and void because it provides that a child or teacher who brings a certificate from a physician to the effect that the health of the teacher or child is such that vaccination should not be done can be admitted for 60 days without vaccination if the school physician so recommends, and should the child at the end of said time produce another such certificate then that the question be referred to the board of health of the city together with the school physician to determine whether and how long the child may attend the schools without vaccination. This portion is attacked on the ground that the question of admission is first left to the arbitrary discretion of the school physician, and ultimately to said physician and the board of health of the city. It is difficult to conceive of an exception based upon physical unfitness which might not be applied arbitrarily, and permit of some discrimination being practiced, because, even if the board of trustees passed upon the matter itself, it could act in an arbitrary manner. But we will not assume that the power will be exercised arbitrarily, nor should the regulation be construed as authorizing such an exercise thereof, for it is apparent that all decisions with respect to the matter are to be based upon the physical condition of the child, and the power is placed in the hands of persons competent to investigate the facts and make a decision which will not be arbitrary.

This is not a case in which it is contended that the children are entitled to attend under the exception stated in the regulation, and therefore no issue is raised of the arbitrary exercise of the power vested in the school physician; but it is merely contended that the conferring of such power renders the entire regulation void. It appears to be doubtful whether appellant can, under the circumstances, question the validity of the ordinance upon the ground now being considered. He made no application to the school physician for permission for his children to be exempted on account of physical unfitness for vaccination, so it would seem unimportant to him whether the power vested in such physician admits of arbitrary exercise. Gundling v. Chicago, 177 U. S. 183, 20 Sup. Ct. 633, 44 L. Ed. 725. But assuming that the question may be raised by him, we conclude that such provisions do not invalidate the regulation. We therefore overrule the contention that such regulation violates section 19 of article 1 of the state Constitution and the fourteenth amendment to the Constitution of the United States. Gundling v. Chicago, 177 U. S. 183, 20 Sup. Ct.

633, 44 L. Ed. 725; Wilson v. Eureka City, 173 U. S. 32, 19 Sup. Ct. 317, 43 L. Ed. 603; New York ex rel. Lieberman v. Van De Carr, 199 U. S. 552, 26 Sup. Ct. 144, 50 L. Ed. 305; Dillon on Municipal Corporations (5th Ed.) § 598; Kissinger v. Hay, 52 Tex. Civ. App. 295, 113 S. W. 1005; McSween v. Trustees, 129 S. W. 206.

[7, 8] 5. Said regulation does not violate sections 1, 2, 3, and 5 of article 7 of the state Constitution, and is not in conflict with articles 2899 and 2900 of the Revised Civil Statutes. The portion of article 2899 relied upon by appellant was first enacted as section 94 of chapter 122, Acts of 23d Legislature. The caption to said act throws no light upon the intent of the Legislature, but it is apparent from section 94 and from present article 2899 that the purpose in enacting the same was to permit children to attend the schools in the districts in which they reside, notwithstanding they were enumerated elsewhere or had attended school elsewhere for a portion of the year. The idea was to do away with certain hardships which had theretofore been imposed upon children, and not to declare it to be the law of this state that no child could be kept out of school by the authorities, regardless of whether its presence in the school constituted a menace to the other pupils and threatened the destruction of the efficiency of the school. We cannot hold the regulation in question to be in conflict with said statute unless we take the view that the statute permits every child to attend the schools, and therefore no regulation could be adopted by the board of trustees which interfered with such attendance. In other words, that the board could only pass regulations for the health of those attending the schools, but such regulations must not go so far as to prohibit the attendance of any pupil of scholastic age. The Constitution imposed the duty upon the Legislature of making provision for an efficient system of public schools, and the statute cannot be given a construction which would charge the Legislature with the absurdity of providing that a child afflicted with a contagious disease must be admitted although at the risk of having only that one child to attend. Then if the language does not admit of the construction that every child must be admitted regardless of physical fitness, it is evident that such statute cannot guide us in determining whether the school board had the power to adopt the regulation complained of. If the school board can keep out children afflicted with contagious diseases and those who have been exposed to the contagion, without coming in conflict with the Constitution and said statutes, it also has the power to keep out those who fail to comply with other regulations reasonably necessary to protect the health of those attending the schools. Duffield v. School District, 162 Pa. 476, 29 Atl. 742, 25 L. R. A. 152; Blue v. Beach, 155

Ind. 121, 56 N. E. 89, 50 L. R. A. 72, 80 Am. St. Rep. 195; Hutchins v. School Committee, 137 N. C. 68, 49 S. E. 46, 2 Ann. Cas. 340. Appellants in their able argument admit that the school board could have adopted such a regulation as a temporary measure had an epidemic of smallpox prevailed or been imminent. We go further, and hold that it was not prevented by anything in the statutes or Constitution from adopting the regulation in question where conditions with reference to smallpox were such as are established in this case to have existed in the city of San Antonio.

[9, 10] 6. We do not consider the objection to the second special issue, to the effect that it was misleading, as well taken. In addition, however, we are of the opinion that the facts in evidence which were undisputed wholly failed to show that the regulation was unreasonable, and that the court would have been justified in instructing a general verdict for defendants.

[11] 7. The special issue submitted at appellee's request, which is described in our statement as No. 3, left to the jury the determination of the question of law whether the regulation was reasonable; also, the question whether vaccination would prevent smallpox. Their finding that the regulation was reasonable has not injured appellant, because the answer to the second finding is sufficient to support the judgment of the court, and in our opinion the court could not, from the evidence, arrive at any other conclusion than that the regulation was reasonable within the meaning of the law.

[12, 13] 8. The cases relied upon by appellant to show that the efficacy of vaccination is not a question to be determined by court or jury are authority for the holding that courts will take judicial notice of the fact that it is the common belief of the people of the state that vaccination is a preventive of smallpox, and that such judicial notice furnishes a basis for judgment upholding vaccination regulations. As such common belief obtains in this state, the court's judicial notice thereof was sufficient, and the finding by the jury that such belief was well founded could not have prejudiced appellant. Jacobson v. Massachusetts, 197 U. S. 34, 25 Sup. Ct. 358, 49 L. Ed. 643, 3 Ann. Cas. 765; Viemeister v. White, 179 N. Y. 235, 72 N. E. 97, 70 L. R. A. 796, 103 Am. St. Rep. 859, 1 Ann. Cas. 334. Again, if such question is not one for the court or jury, it is bound to be one to be determined by the board of trustees, who did so adversely to appellant's views on the question, and, as their decision upon that phase of the case is not to be reviewed by the court, appellant could not have been injured by the jury's finding that the school board was correct in its views. Blue v. Beach, 155 Ind. 121, 56 N. E. 89, 50 L. R. A. 67, 80 Am. St. Rep. 195.

[14, 15] 9. Appellant sought to introduce

testimony to the effect that there was much more danger of the spread of the contagion of smallpox in the moving picture shows than in the schools; also in the crowds in street cars, the theaters, the passenger depots, factories, churches, and the crowds that assemble in the "Mexican Quarter" of the city of San Antonio. The school board was given no power by its charter to pass regulations with respect to the above matters, but merely with respect to the health of those attending the schools. It is true that appellees pleaded the existence of the ordinance and charter provisions of said city, which are copied in our conclusions of fact, as a justification of the action of the school board in adopting said regulation, and appellant pleaded that such ordinance was unreasonable and void. We hold that the school board had the power to adopt the regulation in question regardless of the city ordinance, and therefore testimony offered on the theory that it tended to show the ordinance to be unreasonable was immaterial. We therefore decline to pass upon the questions whether the city ordinance is invalid because applying only to those attending places of education, and whether the city is deprived of its police power with respect to the public free schools because of the control thereof being vested in a board of trustees incorporated by special act of the Legislature. Were it necessary to determine these questions, we would take judicial notice of the fact that the danger of the spread of contagion in the places mentioned, in view of the admitted facts with respect to the crowds frequenting them, was equally as great as in the schools, for such fact is a matter of common knowledge. Jacobson v. Massachusetts, supra.

All assignments of error are overruled, and the judgment is affirmed.