STAFFEL et al. v. SAN ANTONIO SCHOOL
BOARD OF EDUCATION et al.
(No. 6008.)

(Court of Civil Appeals of Texas. San Antonio.
Feb. 6, 1918. Rehearing Denied
March 6, 1918.)

**1. SCHOOLS AND SCHOOL DISTRICTS ⟐158(1)
— PUPILS — CONDITIONS OF ADMISSION —
VACCINATION.**

Under the charter of an independent school
district vesting the management and control of
the district in a board of education and provid-
ing that the board shall establish, manage, and
control all public free schools within the dis-
trict, the board may prescribe rules for the
qualifications of children for admission to the
public free schools, and this authority includes
the authority to prescribe vaccination as a
condition of admission, provided the require-
ment is not unreasonable.

**2. CONSTITUTIONAL LAW ⟐274 — SCHOOLS
AND SCHOOL DISTRICTS ⟐158(1)—HEALTH
REGULATIONS—DUE PROCESS.**

A resolution of the Board of Education of
an independent school district for the exclu-
sion from the schools of children not vaccinated
in accordance with a city ordinance did not
violate Const. art. 1, § 19, providing that no
citizen shall be deprived of privileges except
by due course of the law of the land, though
vaccination was contrary to the consciences, be-
liefs, and convictions of certain children and
their parents, as it was such consciences, be-
liefs, and convictions, and not the resolution,
that prevented the children from attending the
schools, and, furthermore, the privilege of hav-
ing children admitted to the public free schools
is a creation of the statute and can be changed
by statute.

**3. SCHOOLS AND SCHOOL DISTRICTS ⟐158(1)
—PUPILS—HEALTH REGULATIONS—VACCINA-
TION.**

Such resolution did not violate Const. art.
7, §§ 1, 2, 3, 4, and 5, requiring the Legisla-
ture to establish and provide for the support
and maintenance of an efficient system of public
free schools or Rev. St. 1911, arts. 2899–2901,
providing that every child of scholastic age shall
be permitted to attend the public free schools
of the district in which he resides, and that
all children between certain ages at the begin-
ning of any scholastic year shall be entitled to
the benefit of the public school fund for that
year and defining the scholastic year.

**4. SCHOOLS AND SCHOOL DISTRICTS ⟐158(1)
—PUPILS—HEALTH REGULATIONS—VACCINA-
TION.**

Such resolution was not invalid as in con-
flict with the Compulsory Education Law (Acts
34th Leg. c. 49 [Vernon's Ann. Civ. St. Supp.
1918, arts. 2779a–2779h]), though unvaccinated
children thereby excluded from the schools and
their parents may be subjected to the pains
and penalties of such law.

**5. SCHOOLS AND SCHOOL DISTRICTS ⟐158(2)
—PUPILS—HEALTH REGULATIONS—VACCINA-
TION.**

A resolution of the board of education of an
independent school district requiring superin-
tendents and teachers to refuse admission to un-
vaccinated children was not unreasonable where,
as was shown by sworn answer on an applica-
tion for a temporary injunction, there was
smallpox within the limits of the district and
danger that it would spread and be communicat-
ed from one person to another, and it was nec-
essary for the preservation of the public health
and the preservation of the welfare of the city
and its citizens and their children that proper
precaution should be taken to prevent the spread
of the disease.

**6. INJUNCTION ⟐161—TEMPORARY INJUNC-
TION—DISCRETION OF COURT.**

Under Rev. St. 1911, art. 4663, providing
that no injunction shall be dissolved before final
hearing because of a denial of the material al-
legations of the petition unless the answer deny-
ing the same is verified by oath or affirmation,
where a sworn answer was filed, it was in the
trial court's discretion to dissolve a temporary
restraining order previously granted and to deny
a temporary injunction.

Appeal from Bexar County Court.

Suit by Ferd Staffel and others against
the San Antonio School Board of Education
and others. From a decree denying a tem-
porary injunction, plaintiffs appeal. Af-
firmed.

Ward & Bickett, of San Antonio, for ap-
pellants. Bruce W. Teagarden, of San An-
tonio, for appellees.

SWEARINGEN, J. This is a suit by five
residents of San Antonio, Bexar county, Tex.,
viz. Ferd Staffel, W. M. Pardue, A. D. Zucht,
A. A. Burger, and Ira Calder, to have the
court cancel and amend a resolution adopted
by the San Antonio board of education in
control of the San Antonio independent
school district, and to enjoin the enforce-
ment of said resolution.

The plaintiffs, who are appellants, alleged
that they were the parents of children of
scholastic age in attendance upon the public
schools of San Antonio, and alleged that they
brought this suit in their own behalf and as
citizens of the city of San Antonio, Bexar
county, Tex., and as constituent persons resid-
ing within the said San Antonio independent
school district, and also in behalf of all
other persons and all other children who are
similarly situated to themselves and are in
like manner subject to the said resolutions of
the said San Antonio board of education.

The defendants, appellees, are the San
Antonio independent school district, a cor-
poration, the trustees of said corporation,
Nat Washer, Winchester Kelso, Charles Ger-
lach, Dr. E. O. Evans, Mrs. E. W. McCamish,
Miss Elvira Pizzini, Mrs. Dan Leary; and
C. S. Meek, the superintendent, and Paul H.
Scholz, the secretary. The city of San An-
tonio intervened in its own behalf.

A temporary restraining order was grant-
ed, but on a hearing upon the amended peti-
tion and the amended answer of the defend-
ants and the intervention of the city the
restraining order was dissolved and the tem-
porary injunction denied.

This appeal is from the decree of the trial
court denying the temporary injunction.

The portion of the resolution of the board
of education the enforcement of which was
sought to be enjoined was that which in-
structed the superintendents and teachers of
the schools of the San Antonio independent
school district to refuse admission to the
schools of said district, and to prevent fur-

ther attendance thereat, of children not complying with the vaccination ordinance of the city of San Antonio. The particular part of the city vaccination ordinance referred to is:

"Sec. 25. No child or other person shall be permitted to attend any of the public schools, or any place of education within this city, unless such child or other person shall first present a certificate from some duly qualified physician to the city physician that such child or other person has been successfully vaccinated within six years preceding the time at which such child or other person desires to attend school."

The allegations showing a violation of public rights by the San Antonio board of education are that the board has passed the aforementioned resolution and will enforce it unless enjoined. The allegations are, substantially: That the said resolution is void; or, if not void, that the resolution is an unreasonable exercise of the vested power. The reasons alleged which show the said resolution is void are: (1) The charter conferred no authority on the San Antonio board of education to pass or enforce such a resolution. (2) If the charter did pretend to delegate such power, the charter provision itself was void, because forbidden: (a) By Const. art. 1, § 19; (b) by Const. art. 7, §§ 1, 2, 3, 4, 5; (c) by articles 2899, 2900, and 2901 of the statutes; and (d) by the Compulsory Education Law (chapter 49 of Laws 34th Leg. [Vernon's Ann. Civ. St. Supp. 1918, arts. 2779a–2779h]).

The alleged reasons why the resolution was an unreasonable exercise of a given power were: That there was no epidemic of smallpox raging in San Antonio at the time, nor was there any imminent danger of any such epidemic; that vaccination is not a preventive of smallpox; that the process called vaccination was loathsome, terrible, and dangerous, because likely to permanently impair the health or cause loss of the member of the body vaccinated or even result in the death of the vaccinated person.

The individual danger threatened to appellants alleged is that appellants fear that the resolution of the San Antonio board of education will be enforced and their children excluded from the public free schools in the San Antonio independent school district, inasmuch as all of their children will persist in their refusal to be vaccinated.

In connection with the allegations that there was imminent danger of the children being excluded from the schools because they refused to be vaccinated, the petition alleges the following reasons for the refusal to be vaccinated: That plaintiffs and their children are conscientiously opposed to vaccination; that their faith, religion, and consciences forbid them to submit to vaccination.

By their answer appellees admit the resolution was passed, and that they will enforce it unless prevented by injunction. The answer claims the authority to pass the resolution is conferred by the charter creating the school corporation and deny that the authority therein granted is forbidden by the Constitution either in article 1, § 19, or by article 7, §§ 1, 2, 3, 4, 5; deny that the authority is forbidden by the statutes (articles 2899, 2900 and 2901); and deny that it is forbidden by the Compulsory Education Law. Appellees further deny that the resolution is an unreasonable exercise of their power, and to that end aver:

"That there is smallpox in the city of San Antonio at the present time, and within the limits of the said school district, and there is danger of the smallpox spreading and being communicated from one person to another in the city of San Antonio and in said independent school district at this time, and it is necessary for the preservation of the public health, and the preservation of the welfare of the city of San Antonio and its citizens, and the children thereof, that proper precaution should be taken to prevent the spread of the disease of smallpox, and the way to accomplish this end is to vaccinate the children attending the public schools of the city of San Antonio."

It is alleged that vaccination prevents the contagion of smallpox and is the only preventive.

It is not necessary to our opinion to mention the allegations of the intervener, the city of San Antonio.

We will consider the contentions of appellants in the order in which we have stated the facts pleaded: Was the resolution void? Did the board of education have the power to pass the assailed resolution?

[1] San Antonio independent school district was created a corporation by the act of the Thirty-Fifth Legislature of the state of Texas (Sp. Acts 35th Leg. c. 49), and in the charter thus granted the boundaries of the district were made coextensive with the limits of the city of San Antonio; and it was therein provided in section 3 that the management and control of the said school district should be vested in nine trustees, who shall be called San Antonio board of education. Again in section 6 this language is used:

"The board shall establish, manage, and control all public free schools within said district."

By these charter provisions the Legislature, in so far as it could, delegated to the San Antonio board of education the authority to control and manage the public schools in San Antonio. The words "manage and control" confer the authority on the said board to prescribe rules by resolution for the qualifications of children for admission into the San Antonio public free schools. This authority to prescribe the qualifications includes the authority to prescribe vaccination as a condition precedent, provided, of course, the requirement is not unreasonable, which will be considered further on.

The Legislature was authorized to create the San Antonio independent school district by the Constitution of Texas (article 11, § 10). It follows that the resolution was authorized by the San Antonio independent

school district charter, which was authorized by the act of the Legislature, which in turn was authorized to create the school corporation by the Constitution of the state.

[2] Conceding that the charter vested in the San Antonio board of education authority to pass such resolution, was that charter provision ineffective because forbidden by article 1, § 19, of the Constitution, which guarantees that no citizen of this state shall be deprived of privileges except by the due course of the law of the land? The only privilege the appellants complain that they are deprived of is the privilege of having their children admitted as pupils of the public free schools of San Antonio, where they reside.

The board of education by its resolution did not undertake or intend to compel the children to be vaccinated. They claimed no such power. The board only undertook to control the schools under its jurisdiction. The resolution did not prevent the children from attending the schools; it was their own consciences, beliefs, and convictions that did. Furthermore, the privilege of having children admitted to the public free schools is a creation of the statute, and can be changed by statute. Middleton v. Tex. Power Co., 185 S. W. 556, § 4.

[3] That the San Antonio board of education's resolution to prescribe such regulations for admission of pupils to the school under its management and control does not violate sections 1, 2, 3, 4, and 5 of article 7 of the Constitution of Texas is held in the case of Zucht v. San Antonio School Board, 170 S. W. 840. The opinion in the Zucht Case also holds that such regulations by the San Antonio board of education are not in violation of articles 2899, 2900, and 2901 of the statutes.

[4] The last contention for the invalidity of the attacked resolution of the San Antonio board of education is that it is in conflict with the Compulsory Education Law (chapter 49, General Laws, passed by the Thirty-Fourth Legislature). The last-mentioned act does not directly nor indirectly repeal the act of the Legislature conferring upon the San Antonio board of education the authority to control the schools under their jurisdiction.

The argument that the resolution of the board excludes the unvaccinated children from the public free schools in San Antonio and subjects them and their parents to the pains and penalties of the Compulsory Education Law has no bearing upon the case before us, and will not be discussed further than to reply that the control of the schools in San Antonio is given by law to the San Antonio board of education, and not to individual parents, no matter how correct their consciences, convictions, faith, and religious beliefs may be. We may add that such a regulation has been held a valid defense to a prosecution under a Compulsory Education Law. State v. Turney, 31 Ohio Cir. Ct. R. 222. However, we must not be understood as passing upon any such question here.

[5] The contention that the resolution requiring vaccination as a condition precedent was an unreasonable exercise of the charter authority, even if there was such authority, has been determined against appellant in the case of Zucht v. San Antonio School Board, 170 S. W. 840. The resolution must be reasonable. Supra; Waldschmit v. New Braunfels, 193 S. W. 1077. In the Zucht Case the jury found that the existing conditions in San Antonio constituted a menace to the public health, and that the regulation requiring vaccination of the children was reasonably necessary for the preservation of the public health by preventing the spread of smallpox; and because of this finding of facts the court held the regulation was not an unreasonable exercise of the authority vested in the school board by the charter.

[6] In this case there is no finding of facts. No evidence was heard; but the sworn answer of the appellees alleged facts substantially as found by the jury in the Zucht Case, and these allegations warranted the trial court in holding the resolution a reasonable exercise of power and justified the decree denying the temporary injunction. That was an exercise of the discretion of the trial court, which is recognized by article 4663 of the statutes. Smith v. Palo Pinto County, 60 Tex. Civ. App. 531, 128 S. W. 1193.

Thus far it appears from our discussion of the allegations of the sworn pleadings that no public right has been violated, which conclusion renders it unnecessary to discuss appellant's allegations made for the purpose of showing that the individual appellants suffered, or are threatened with, some damage to themselves. San Antonio v. Strumberg, 70 Tex. 366, 7 S. W. 754.

The judgment is affirmed.

---

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes