COMMONWEALTH *vs.* ELI H. PATCH.

In default of the appointment of a board of health, the city council of Springfield have
power under Gen. Sts. *c.* 26, §§ 2, 5, to pass by-laws prohibiting the keeping of swine
within particular districts of the city; and, in the absence of evidence to the contrary
this court will presume that by-laws so passed are reasonable.

COMPLAINT for keeping one swine in violation of by-laws of
the city of Springfield, entitled " Ordinances for the better pres-
ervation of the public health," which prohibited the keeping or
maintaining of swine within certain districts of the city, under
a penalty not exceeding twenty dollars for each offence.    City
Ordinances of Springfield, Nos. 77, 79.

At the trial in the superior court, on appeal from the judgment
of the police court of Springfield, the defendant admitted that
he kept a swine as alleged, and asked the judge to rule that the
city had no right or power to enact these by-laws, and that they
were not valid.    But *Reed,* J., declined so to rule.    The defendant
then offered to prove that at the time of the complaint he was
keeping a livery and feeding stable, the litter from which was
thrown into a yard under and adjoining the barn; that if this
litter was left undisturbed in the yard it would in a few days
heat and become offensive to the neighborhood, but that by the
keeping of one swine there it would be stirred up so as to pre-
vent heating or producing an offensive smell; and that the keep-
ing of the swine was not in itself a nuisance or source of filth.
But the judge ruled that these facts, if proved, would not con-
stitute a defence.

The jury returned a verdict of guilty; and the case was
reported to this court.

*C. A. Winchester,* for the defendant.    The passing of these
by-laws was not within the legislative powers of the city coun-

cil without special authority from the general court. St. 1852, *c.* 94, § 15. Gen. Sts. *c.* 18, § 11. *Commonwealth* v. *Turner,* 1 Cush. 493. Gen. Sts. *c.* 88, § 31, *et seq.* And in instances where state legislatures have conferred such special authority they have given no power to prohibit, only a right to regulate, and the party affected has a right to be heard. *Shepherd* v. *Hees,* 12 Johns. 433. These by-laws are unreasonable, and of that the court is to judge. *Commonwealth* v. *Worcester,* 3 Pick. 462. They are partial, being limited to part only of the city territory. They are unjust and oppressive, making the keeping of swine on one side of an imaginary line an offence, while on the other side it is not so. They are against the common right of every citizen to use and improve his property as he deems most conducive to his interest, so long as he works no injury to others. *Dunham* v. *Rochester,* 5 Cow. 462.

*C. Allen,* Attorney General, for the Commonwealth.

HOAR, J. The defendant, who has been convicted of the violation of an ordinance of the city of Springfield, which prohibited the keeping of swine within certain parts of that city, excepts to the ruling at the trial which sustained the validity of the ordinance.

The reasonableness of the ordinance, as applied to the particular territory in question, is not now to be considered; because the facts upon which it would depend are not reported. We may presume that the territory, within which the ordinance operates, is the most populous and thickly settled part of the city; and that particular sanitary regulations are needed there, if anywhere. The objection of the defendant is broader, and denies the power of the city council to pass any ordinance of the kind. But we are of opinion that none of the reasons adduced in support of the objection are sufficient, and that the ordinance is valid.

It is manifestly intended as a sanitary regulation, and to promote the comfort and health of the inhabitants. That it is made to apply only to a part of the city is not material, if that part is so situated as to require peculiar and exceptional provisions. This point was taken in *Goddard, petitioner,* 16 Pick

504; and though not expressly noticed in the opinion of the court, was evidently embraced in the decision. In that case, the ordinance of the city of Boston which required the removal of snow from sidewalks by the abutters, excepted the part of the city known as South Boston. By-laws of the city of London have prohibited exercising the trade of a butcher in Cheapside, and brewers and tallow-chandlers in close parts of the city. Bac. Ab., By-laws, C.

By the city charter of Springfield, the city is authorized to make all such "salutary and needful by-laws as towns may make and establish." St. 1852, *c.* 94, § 15. Towns "may make such necessary orders and by-laws, not repugnant to the laws of the state, for directing and managing the prudential affairs, preserving the peace and good order, and maintaining the internal police thereof, as they may judge most conducive to the welfare of the town." Gen. Sts. *c.* 18, § 11. The ordinances and by-laws made in pursuance of the authority thus conferred must not be repugnant to the laws of the state; and must be reasonable, that is, not interfering with the liberty, property and business of the citizen more than is requisite to secure the lawful and proper object in view. The object of the ordinance is manifestly to protect the inhabitants and travellers in a close and populous neighborhood from offensive and unwholesome smells. In England, a by-law of the city of Exeter, which forbade any person to slaughter any beast, or keep any swine, within the walls of the city, or keep any stinking filth, garbage or annoyance within his house, curtilage or backside, was held to be a good by-law. *Pierce* v. *Bartrum*, Cowp. 269. To prevent nuisances being an important part of the "internal police" of towns and cities, the object of such a by-law is legitimate under the statute. It may indeed be found that the prohibition of offensive trades is not the proper subject of a by-law, because that matter is specially provided for by statute; and to prohibit their exercise in any particular locality in a city by an ordinance, would interfere with the right of appeal to a jury which the statute secures. Gen. Sts. *c.* 26, §§ 52–60. But the keeping of swine can hardly be considered a trade within the meaning

of the law; and the powers given to the board of health mav be referred to, as showing the extent to which the law intends to confer upon municipal authorities the power to suppress offensive and unwholesome practices. In default of the appointment of any other, the city council constitutes the board of health; and may make such regulations as it judges necessary for the public health and safety, respecting nuisances, sources of filth, and causes of sickness. Gen. Sts. *c.* 26, §§ 2, 5. The power is ample, and upon such a matter, we cannot doubt, may as well be exercised by an ordinance as by any other form of regulation.

The ordinance is not unequal, because it applies to all persons doing the act forbidden within the territory designated, whether inhabitants of that locality or not. The suggestion on the part of the defendant that he might have permitted the manure of his stable to become a more offensive nuisance if he had not violated the ordinance, hardly needs consideration.

*Exceptions overruled.*