## STATE v. WILLIAM SPEYER.

JANUARY TERM, 1895.

*Power of legislature to make regulations for public health.
Reasonableness for the court.    Pigpens.*

1.  The legislature may prevent the introduction and spread of
    contagious diseases, and the necessity and propriety of
    particular regulations to that end are primarily a ques-
    tion for legislative determination; but whether such reg-
    ulations are reasonable, impartial, and consistent with the
    state policy is a question for the court.
2.  A regulation by the State Board of Health under legislative
    authority, applicable to the whole state without reference
    to location or condition, that no one shall maintain a pigpen
    within one hundred feet of a well or spring of water used
    for drinking purposes, or within one hundred feet of any
    street or inhabited house, is unreasonable and void.

Information for keeping and maintaining a pigpen within
one hundred feet of an inhabited dwelling.    Heard at the
December term, 1894, Addison county, TYLER, J., presid-
ing.    The respondent filed a general demurrer.    This was
overruled· and the respondent ordered to plead over, to
which the respondent excepted.    Thereupon the respondent
plead not guilty and a trial by jury was had.    The state
proved due notice from the State Board of Health and the
maintaining of the pigpen within one hundred feet of a
dwelling house, but did not show the existence of any epi-
demic or contagious diseases in the vicinity, nor that the
pigpen was maintained in a manner to promote such dis-
eases.

The respondent moved the court to direct an acquittal and excepted to its refusal to do so. The jury returned a verdict of guilty. The respondent then moved in arrest of judgment. The court overruled the motion and gave judgment on the verdict, to which the respondent excepted.

*Button & Button* for the respondent.

The regulation was an unwarrantable exercise of the public power and void. Prent., Police Powers, 7, 111; Tiedman's Lim. Police Powers, 297, 434, 435; Parker & Worthington's Pub. Health and Safety, pp. 272, 292, s. 45; *Greensboro* v. *Ehrenreicht*, 80 Ala. 583; *Kosciusko* v. *Stoneberg*, 68 Miss. 469; *Ex parte O'Leary*, 65 Miss. 80; *Miller* v. *Horton*, 141 Mass. 543; *Coe* v. *Schultz*, 47 Barb. 69; *Well* v. *Ricord*, 24 N. J. Eq. 175; *Pryer* v. *Des. Plaines*, 18 Ill. Ap. 229; *In re Sam Lee*. 31 Fed. Rep. 680; *State* v. *Fisher*, 52 Mo. 178.

The legitimate exercise of a legitimate business cannot be prohibited. *C. & P. Rd. Co.* v. *Joliet*, 79 Ill. 44; Park & Worthington, Public Health and Safety, s. 251; Tiedman's Lim., Police Power, 197; *Austin* v. *Murray*, 16 Pick 125; *Beebe* v. *State*, 26 Ind. 501.

Whether a police regulation is reasonable is always open to the inquiry of the court. Tiedman's Lim., Police Power, 13, 197; Park & Worthington, Pub. Health and Safety, 68; *Forster* v. *Scott*, 136 N. Y. 577; *Lake View* v. *Rose Hill Co.*, 70 Ill. 195.

*F. L. Fish*, State's Attorney, for the state.

The regulation was not as matter of law or fact an unreasonable one. *City of Cedar Rapids*, v. *Holcomb*, 68 Iowa 107; *Commonwealth* v. *Young*, 135 Mass. 526; *Quincy* v. *Kennard*, 151 Mass. 563; *Commonwealth* v. *Patch*, 97 Mass. 221.

START, J. The information charges that the respondent kept and maintained a pigpen within one hundred feet of an inhabited dwelling house, in violation of a regulation made by the State Board of Health. To this information the respondent demurred. The demurrer was overruled, information adjudged sufficient, and the respondent ordered to plead over; to which the respondent excepted.

No. 93, Sec. 6, of the Acts of 1886, as amended by No. 82, Sec. 11 of the Acts of 1892, provides that the State Board of Health shall have authority to promulgate and enforce such regulations for the better preservation of the public health in contagious and epidemic diseases, and regarding the causes which tend to their development and spread, as they shall judge necessary; and any person or persons or corporation neglecting or refusing, after having been duly notified in writing, to comply with the requirements of such regulations shall, upon conviction thereof, pay to the treasurer of the state a fine of not less than twenty-five dollars nor more than one hundred dollars. Acting under the authority conferred by these enactments, the Board of Health promulgated a regulation that no pigpen should be built or maintained within one hundred feet of any well or spring of water used for drinking purposes, nor within one hundred feet of any street or inhabited house.

The power of the legislature to prevent the introduction and spread of infectious and contagious diseases cannot be questioned. All property in the state is, undoubtedly, held subject to the reasonable supervision of legislative authority, to an extent necessary to the reasonable preservation of the public health. While the necessity and propriety of particular regulations are primarily of legislative determination, their character, whether reasonable, impartial and consistent with the state policy, is a question for the court. Tiedman's Lim. of Police Power, 13, 197; Parker & Worthington's Public Health and Safety, 68; Dill. Mun. Corp., Secs. 319,

325, 329; *Mugler* v. *Kanoar*, 123 U. S. 623; *Minnesota* v. *Barber*, 136 U. S. 313. By the enactment in question. the legislature attempted to confer upon the State Board of Health power to promulgate and enforce reasonable regulations in respect to contagious and epidemic diseases and causes which tend to their development and spread. If the Board of Health, in promulgating the regulation in question, were in the reasonable exercise of the power attempted to be conferred upon them, all pigpens built or maintained within one hundred feet of any well or spring of water used for drinking purposes, or within one hundred feet of any street or inhabited house, must be regarded as infected with contagious or epidemic diseases, or causes which tend to their development and spread; or, under such circumstances, it must be inferred that there are reasonable grounds for apprehending that they are thus infected or are such causes.

A regulation so general and far-reaching, affecting business and the use of property, cannot be held to be reasonable or justifiable, unless there are reasonable grounds for a belief that the necessary protection of the public health requires it. The regulation in question cannot be held to be reasonable or justifiable, because some few individuals in the state maintain a pigpen in such a manner as to endanger public health. To justify promulgating such a regulation, there must be reasonable grounds for apprehending that all pigpens affected by it are, or may be, a menace to public health. It cannot be said that all pigpens situated within one hundred feet of a well or spring of water used for drinking purposes, or within one hundred feet of a street or inhabited house, endanger public health, or that there are reasonable grounds for apprehending that they do. They may or may not thus endanger the public health. Very much depends upon the manner of construction, the way they are kept and occupied, the means for keeping them

clean, the location and surroundings, the character and slope of the land, their nearness to or remoteness from thickly settled communities, and the existence or non-existence of diseases and causes of diseases. A pigpen may be a menace to public health when situated in a city or village, and perfectly harmless when situated upon a farm; and the fact that a pigpen situated in a city or village is a nuisance and endangers public health and ought to be abated, furnishes no reasonable ground for abating a pigpen upon a farm, which is not a nuisance and in no way affects the public health. The regulation, if valid, had the effect to abate and cause to be removed every pigpen within the prohibited limit. It deprived every owner of land, within the limit, of its use for purposes that, under proper conditions, are harmless and legitimate. By it, the citizen living miles from neighbors and from epidemic diseases and causes which tend to their development and spread, and whose possessions do not extend beyond the prohibited limit, is unreasonably and unjustly deprived of his right to build and maintain a pigpen and engage in a business which has ever been regarded, when conducted under proper conditions, as legitimate.

The regulation is intended to have force and effect throughout the entire state. It affects alike those pigpens which are, as a matter of fact, maintained in such a manner as to be offensive, and those which are maintained with every possible degree of cleanliness; it affects alike those situated upon farms and those situated in thickly settled communities; and it affects all pigpens within the prohibited limit, without reference to the existence or non-existence of epidemic or contagious diseases, and the causes which tend to their development and spread in any particular locality. It is intended to affect alike a business which is so conducted as not to be a nuisance or in any way endangering public health, or furnish reasonable grounds to apprehend that it

will do so, and business which is so conducted as to be a nuisance and furnish reasonable grounds for a belief that it will endanger public health, if continued. It reaches beyond the scope of necessary protection and prevention into the domain of restraint of lawful business and use of property. It is founded on fear and apprehension of a remote possible danger to the public health, and not upon its existence, or upon reasonable grounds to apprehend that any considerable portion of the pigpens affected by it endangers or will endanger public health. It is an unreasonable and unjust interference with a legitimate and recognized business pursuit and use of property, without reference to its location or the manner in which it is conducted, or the existence or non-existence of epidemic or contagious diseases or causes which tend to their development and spread in any particular locality. It is too broad and sweeping to be upheld by any necessity of protecting the public health, and we cannot regard it as a reasonable and legitimate exercise of the power attempted to be conferred by the enactments in question.

*Judgment reversed; demurrer sustained; information adjudged insufficient and quashed; respondent discharged.*

Taft, J. concurs in the result. The keeping of pigs, not pigpens, is the evil. The board had no authority to prohibit the building of a pigpen.