[Civil No. 1713.   Filed March 14, 1919.]

[179 Pac. 55.]

# GLOBE SCHOOL DISTRICT No. 1 OF GLOBE, GILA COUNTY, ARIZONA, by D. L. MELOY, GEORGE R. HILL and MRS. F. J. COLEMAN, Its Trustees, Plaintiffs-Appellants, v. BOARD OF HEALTH OF THE CITY OF GLOBE, Consisting of DR. L. E. WIGHTMAN, RALPH SMITH, J. R. RICE and CLIFFORD CORP, CITY OF GLOBE, a Municipality, and R. L. PINYAN, Chief of Police of said City of Globe, Defendants-Appellees.

1. CONSTITUTIONAL LAW—DELEGATION OF LEGISLATIVE POWER—BOARD OF HEALTH.—Legislative power cannot be delegated to a board of health.

2. HEALTH—AUTHORITY OF BOARD OF HEALTH—ABATEMENT OF NUISANCE.—Boards of health may abate nuisances.

3. HEALTH—AUTHORITY OF BOARD OF HEALTH—ABATEMENT OF NUISANCE—POWER TO ACT.—Act of health board in attempting to abate a condition, on the ground that it is a nuisance, is void, where such condition is not in fact a nuisance; the power of the board depending upon the existence of the nuisance.

4. HEALTH—HEALTH BOARD—NUISANCE.—No portion of the health laws of this state attempts to or could grant to health boards the authority to arbitrarily declare a given condition a nuisance.

5. HEALTH—HEALTH BOARD—NUISANCE—ATTEMPT TO DEFINE.—Order of health board, declaring congregation of people in public places, during the Spanish influenza epidemic to be a public nuisance, was of no force or effect; the board having no legislative power to declare what shall constitute a nuisance.

6. HEALTH—AUTHORITY OF CITY HEALTH BOARD—CONSTRUCTION OF STATUTE—"HEREIN."—Civil Code of Arizona of 1913, paragraph 4385, defining powers and duties of city boards of health as those "herein provided for within the limits of the city," construed to give city board of health the powers and duties within the city limits expressly given to state board of health and county boards; the word "herein" having reference to paragraphs 4367–4404, pertaining to state, county and local health boards.

7. CONSTITUTIONAL LAW—DELEGATION OF POWER—HEALTH BOARDS—ADMINISTRATIVE POWER—REGULATIONS.—The power of the health board to determine whether an emergency exists for the making of rules and regulations and the adoption of health measures is administrative, and not legislative.

8. SCHOOLS AND SCHOOL DISTRICTS — CITY HEALTH BOARD — SCHOOL CLOSING ORDER—INFLUENZA EPIDEMIC.—In view of Civil Code of Arizona of 1913, paragraphs 4367–4404, an order by a city board closing public schools during rage of Spanish influenza epidemic, for the purpose of preventing the spread of such epidemic, was a valid measure, under paragraphs 4385 and 4370, subdivision 3, authorizing rules and regulations "to prevent the spread of any contagious, infectious, or malarious diseases among persons."

9. SCHOOLS AND SCHOOL DISTRICTS—AUTHORITY OF SCHOOL BOARD—CLOSING OF SCHOOLS—EPIDEMIC.—Though school trustees and educational administrative officers have power to regulate public schools within their respective jurisdictions, the control of the board of health is superior to such power, when the necessity arises to close the schools for the protection of public health.

10. SCHOOLS AND SCHOOL DISTRICTS—ORDER OF HEALTH BOARD—CLOSING OF SCHOOLS — OPERATION OF ORDER — DURATION.—Health board's order closing schools during Spanish influenza epidemic, under authority given board by Civil Code of Arizona of 1913, paragraph 4370, subdivision 3, and paragraph 4385, is effective only during the existence of the emergency.

⌊As to powers of board of health in abatement of nuisance, see note in 80 Am. St. Rep. 214.⌋

APPEAL from a judgment of the Superior Court of the county of Gila.   G. W. Shute, Judge.   Affirmed.

Mr. Charles L. Rawlins and Mr. George R. Hill, for Appellants.

Mr. L. L. Henry, City Attorney, for Appellees.

CUNNINGHAM, C. J.—By this action the plaintiff board of school trustees of the school district of the city of Globe are seeking to restrain and enjoin the local city board of health and the city officers from enforcing the following health order or regulation:

"Be it resolved, etc., that each, every and all theaters, motion picture shows, banks, business houses, pool halls, shooting galleries, skating rinks, dances, lodges, schools, churches, and all places of amusement and entertainment in the city of Globe and vicinity, when people are congregated therein, be and the same are hereby declared to be a public nuisance, during the present epidemic of Spanish influenza and until the further order of the board of health of the city of Globe."

XX Ariz.—14

"2. That it shall be unlawful for two or more persons to congregate in the United States post office, any bank, store, meat market, or other business house, shooting gallery, pool hall, theater, motion picture show, skating rink, lodge, church, school, social gathering, card party, or other place of amusement or entertainment in the city of Globe or vicinity. . . .

"11. That it shall be unlawful to open up, conduct or hold any sessions of or services in any lodge, school building, church or like place in the city of Globe or vicinity."

Section 16 declares any violation of such rules and regulations to be a misdemeanor, and punishable as prescribed by paragraph 4386, Revised Statutes of Arizona of 1913.

The plaintiff contends that, if valid, said rules and regulations close the public schools, and "keep said plaintiffs' said public schools closed, and prohibit the pupils . . . from entering plaintiff's said public school buildings for the purpose of receiving instructions," etc.

The plaintiff alleges that the "board of health, in declaring the said public schools . . . to be a nuisance and in making it unlawful to attend such schools or to hold sessions thereof and in passing and adopting said resolution and especially the portions herein complained of, was and is beyond the authority and jurisdiction of said board to pass, and the same was passed without any authority of law, and that the same is unreasonable and void as against this plaintiff, and that said defendant board of health exceeded its power and authority in passing and adopting said resolution herein referred to. . . . "

The parties have stipulated as the facts involved in this case: That there is prevalent in the city of Globe an epidemic of disease known as Spanish influenza, with which several thousand people in that vicinity have been afflicted, and of which a large number of persons have died; that from the present state of the disease, and the large number of persons afflicted, and the recent deaths therefrom, the belief is prevalent that the same is spreading; that, before the said regulations were adopted by the local boards of health, a conference of members of the state and local boards of health and physicians was held, and the conference agreed, and such physicians advised, the passage and adoption by the local boards of the rules and regulations herein sought to be enjoined as needful rules and regulations for the "prevention of the

spread of, and as a means of stamping out, said Spanish influenza in said county, city, and town."

The parties have stipulated that the school term of said school district is limited to 10 school months; that the average attendance is about 1,500 pupils; that at the date of the stipulation "over 80 per cent of the school children are free from disease and ready to attend school"; that the schools are well equipped with nurses and that they have at all times enforced and are now ready to enforce the provisions of paragraph 4397, Revised Statutes of Arizona of 1913; that the health board have not enforced the provisions of paragraph 4399, Revised Statutes of Arizona of 1913.

These facts admitted an emergency clearly existed, calling forth the duties of the health officers to cope with it and protect the public from the danger imminent. The local boards of health, the county and city, were called in meeting and under the superintending control and direction of the superintendent of public health and the advice of local physicians and health officers passed said regulation above quoted, for the avowed purpose "as a means of preventing the spread of the disease and the stamping out of the epidemic in Globe and vicinity," as appears in the stipulation of counsel on file herein.

The appellant attacks the resolution, contending that it is unreasonable in declaring the assembly of a public school in session to be a nuisance, and upon the broader ground that the city board of health had no power or authority to pass such resolution, effective to close the public schools, and that if such board had such power and authority, the said regulation is void for uncertainty, for the reason no limit is stated for the duration of the closing order.

To concede that any board of health has been delegated the legislative power to declare what is or what is not a nuisance is to concede that boards of health may be delegated legislative power, and this cannot be done. No authorities need be cited to sustain this proposition. Such boards of health may abate nuisances, and in so doing, if they mistake that for a nuisance which is not in fact a nuisance, then the board acts without jurisdiction, because the existence of a nuisance in fact gives the board the power to act. No portion of the health laws of this state attempts to or could grant to health boards the authority to arbitrarily declare a given

condition a nuisance. An attempt by such board to declare what is or what is not a nuisance is futile, null and void. Therefore that portion of said resolution which attempts to define nuisances, and which declares certain assemblies, including school sessions, nuisances, is without authority of law and of no force or effect. The appellant's contention in this respect is evidently correct. But the material thing here is the order closing the schools. This brings us to the second question and inquiry, whether the said closing order is within the power of the local health board to pass and enforce.

The contention of the appellant that the said order is unreasonable seems to be confined to that portion of the order which declares the public assembly of persons in schools, etc., a nuisance; otherwise, the appellant seems to agree, as it must be agreed in all reason, that the order, rule or resolution is a reasonable measure to prevent the spread of the said disease, yet before the local board can make such closing order, and enforce it, it must have had such power expressly conferred upon it by the legislature, and this has not been done. To answer this inquiry we must look to chapter 1 of title 41, Revised Statutes of Arizona of 1913. This chapter provides for a state board of health, a county board of health in each county, and a city board of health in each incorporated city or town within the state. The provisions directly referring to the organization, powers and duties of the state board of health begin with the chapter, paragraph 4367, and include paragraph 4372. Under a subhead appearing between paragraphs 4372 and 4373, viz.: "County Boards of Health," and following, are ten paragraphs, to and including paragraph 4382, in which are set forth the organization, powers and duties of such county boards of health. Paragraph 4382 provides:

"Nothing contained in this article shall in any manner affect any board of health heretofore established, or that may hereafter be established in any city, or incorporated town, provided however, that all such boards of health shall be under the superintending control of the state board."

Thereupon follows the subhead, "City Boards of Health." Paragraphs 4383 and 4384 provide for the appointment of the members and officers of such boards of health, and paragraph 4383 provides that such boards of health "shall have and exercise the powers conferred upon such board by law

and by the ordinances of the city.'' The appellant contends that paragraph 4385 further limits the powers and duties of the local city boards to such powers, duties and authorities as are conferred on such boards by the provisions of the chapter which follow paragraph 4385. Said paragraph reads as follows:

''Each city board of health shall perform the duties and exercise the powers herein provided within the limits of the city for which it is established. Each county board of health and city board of health shall be known as the local board of health.''

Before further examination of this statute, it may be interesting at least to remark that this entire health chapter, with slight change in words, was adopted from North Dakota, and in that state, when adopted here, was article 5 of chapter 4 of the Political Code of North Dakota, Revised Code of 1899. The said article 5 became our first health law by adoption by chapter 65, Laws of Arizona Territory of 1903. The only apparent assistance this fact of history gives us is to explain some of the expressions used in the course of the chapter. The further assistance that may arise is that that portion of our chapter 1, consisting of paragraph 4383 and paragraph 4384, was first enacted in North Dakota as chapter 34, Laws of 1893, and that beginning with paragraph 4385 and the remainder of our said chapter was first enacted in North Dakota as chapter 90, Laws of 1893. Both acts were passed as emergency measures, the first to establish city boards of health, and the last ''to define the powers and duties of county and city boards of health, and for the prevention and suppression of contagious, infectious, and epidemic diseases,'' according to the titles of such acts. These chapters were codified by the Revised Code of North Dakota of 1899, beginning with section 240 and including section 274 of said Code. We have not been able to find a construction of the law by the courts of North Dakota prior to 1903; hence we must determine the powers and duties of city boards of health from the statute as it appears upon our laws. The specific inquiry is whether the city board of health has the power to order the public schools within the jurisdiction of such board to close and remain closed until the further order of the board because of the existence of Spanish influenza, a dangerous

contagious or infectious disease raging in epidemic form within such jurisdiction.

Paragraph 4386, Id., reads as follows:

"Each local board of health, within its jurisdiction, shall examine into all nuisances, sources of filth and causes of sickness and make such regulations regarding the same as it may judge necessary for the public health and safety of the inhabitants, and any person who shall violate any published order or regulation, made by any board of health, shall be guilty of a misdemeanor and punished," etc.

The paragraphs immediately following, including paragraph 4391, deal with the matter of giving notice of orders, rules and regulations with regard to enforcing sanitation and kindred matters—all of which have reference to matters that need correction, and action taken thereon is intended to remove the things acted upon definitely and finally.

The acts involved in this appeal are not referable to such provisions of the health laws. The school closing order was temporary on its face, to be effective "until the further order of the city board of health." In other words, the order complained of on this appeal was an emergency measure, to be effective only during the emergency requiring it.

Paragraph 4392 and subsequent paragraphs of the chapter have reference to the duties of the local boards of health at times of emergencies, when contagious, infectious or any dangerous disease appears within the jurisdiction of the local board, in epidemic form. Thus, in brief, paragraph 4392 requires physicians and all other persons having knowledge of such diseases to immediately report in writing to the local board such facts; paragraph 4393 requires the physicians to report in writing to the local boards any deaths that occur from any such disease; paragraph 4394 requires the keepers of houses, private and public, to report in writing to the local board such case of such disease that occurs in any such house; paragraph 4395 requires a permit from the local board before any person afflicted with any such disease may be removed from one place to another; paragraph 4397 requires the permission of the local board before any child who has been exposed to, or who is or has recently been afflicted with, any such disease may attend public school; paragraph 4398 deals with regulations for burial of persons who have died of such diseases; paragraph 4399 deals with matters of quarantine of

persons, houses and places afflicted with such disease or where such disease has appeared, prescribing powers and duties with regard to the handling of the situation by the local board; paragraphs 4400, 4401 and 4402 deal with matters pertaining to the care of persons afflicted with such disease, granting to the local board the power to destroy bedding, clothes, carpets, etc., to prevent the spread of such disease, and contract for compensation for the property destroyed, and exercise other powers with regard to such matters; paragraph 4403 prescribes a penalty for the violation of the chapter by the health officers and persons whose duties are prescribed in the chapter, requiring them to render assistance to the health board; also:

"And any person who fails to comply with ... or refuses to conform to any rule, regulations, or measures adopted by the local board of health within whose jurisdiction he shall at the time be, and which shall have been published or shall have come to his knowledge, or refuses or neglects promptly to obey any orders, directions, or instructions given to him by such board of health, shall be guilty of a misdemeanor," etc.

Clearly, the portion of chapter 1, so briefly referred to, following paragraph 4385, deals with two distinct subjects: First, with unsanitary conditions requiring, under penalty, a correction, second, a condition brought about by an epidemic of contagious, infectious or dangerous disease. The powers to correct the condition dealt with in the first subject, which may be generally designated as the powers and duties with regard to sanitary matters, are ample for their purpose. These powers are given to "each local board of health, within its jurisdiction, ... " and when exercised would result in destroying finally the source from which sickness of any kind may arise at any time.

The second subject is dealing with sickness in epidemic form, then present, from infection, contagion or from a cause which affects the inhabitants generally. In dealing with the second subject, the local (city) board of health is to be notified of the appearance within its jurisdiction of contagious, infectious or other dangerous disease in epidemic form. The statute makes it the duty of doctors and every other person, without exception, to notify the local board of such disease, and if they fail to do so they incur the liability of a fine and imprisonment, and the doctor's license is re-

voked; also, whenever any child has been exposed to or has been afflicted with any such disease, such child cannot return to or attend school without the permission of the local board of health, and the school authorities are liable to punishment if they allow the child to attend school without the permission of the local board.

Hence the local board of health is made the responsible administrative agency within its jurisdiction, to enforce the health laws with regard to both subjects. The local board is required to notify the state board of public health of the existence and nature of a contagious, infectious or dangerous disease appearing within the jurisdiction of the local board, immediately after such local board has become satisfied that cases of such disease have occurred, and after such local board has taken such measures as are specified in paragraph 4399, and "such other measures as it deems necessary for the safety of the inhabitants," the board shall "immediately notify the state board of health of the existence and nature of such disease, and of the measure adopted by it with reference thereto."

If we place the construction on this chapter and the portion of the chapter having direct reference to the city local health board contended for by the appellant, then we must hold that in times of epidemics of contagious, infectious or any other dangerous disease appearing in cities, the city local board has authority, in dealing with such epidemic, to take under its control the specific cases of disease and persons exposed to the disease, and deal with such cases and persons as specified in paragraph 4399, using quarantine measures to prevent the spread of such disease, and no other measures can be put in force by such local board. This construction would leave the city local board of health without power to adopt and enforce the measures here adopted, viz., closing the schools and other public places.

Without any question, the state board of health, under paragraph 4370 is empowered by subdivision 3 "to make and enforce all needful rules and regulations for the prevention and cure, and to prevent the spread of any contagious, infectious or malarial diseases among persons, . . . " and by subdivision 4 "to establish quarantine, and isolate any person afflicted with any contagious or infectious or epidemic and endemic disease," and to exercise other powers with regard

to removing the source of disease by sanitary measures.   The county local board of health, by paragraph 4376, is given the power to do within its jurisdiction the matters and things granted to the state board of health in paragraph 4370, and it is also granted the same powers with the city board of health without distinction by paragraph 4386 and following sections of the chapter.   As a consequence, the state board of health and the county boards of health are granted the power to make and enforce all needful rules and regulations for the prevention and cure, and to prevent the spread of any contagious or infectious disease, but the city board of health may notify the state board of health of the existence and nature of such disease and of the measures adopted by it with reference thereto.   Paragraph 4399.   The hands of the city local board of health are tied, appellants contend, in such an emergency, because paragraph 4385 limits the power and duties of such boards of health to those "herein provided within the limits of the city."

We think the construction contended for by the appellant is too strict; that the word "herein," as used in paragraph 4385, has reference to chapter 1 of title 41, and must be understood as meaning "in this chapter"; that, so considered, paragraph 4385 would be understood as reading as follows:

"Each city board of health shall perform the duties and exercise the powers in this chapter provided within the limits of the city for which it is established.   Each county board of health and city board of health shall be known as the local board of health."

With such meaning given to said paragraph 4385, the county boards of health within their counties outside of incorporated cities and towns, and city boards of health within the limits of incorporated cities and towns, are given powers equal within their territorial jurisdiction, and as such are effective agencies for the administration of the health laws of the state.   The system by which the public health is protected is through the laws provided by chapter 1.   These laws are executed by the local boards of health under the superintending control of the state board of health.   Their powers extend to matters administrative in their nature and which pertain to the execution and enforcement of the health laws of the state for the protection of the public health and safety.   It is clear that the local boards were intended by the

legislature to have and exercise within their respective jurisdictions identical duties and powers. Such boards have no authority conferred upon them to legislate. They are granted power within their jurisdiction to make rules and regulations to facilitate the enforcement of the health laws, and in exercising such powers they may adopt such measures as are reasonable, to carry out such health laws according to the true spirit and intent of the legislature.

In order to call forth the exercise of such powers, and as an incident to such powers, the local boards of health are granted the power to determine the fact whether the emergency exists for the making of rules and regulations and the adoption of health measures, but such powers are administrative—not legislative. The adoption by the city local board of health of section 11, the order closing the public schools during the rage of the said epidemic of Spanish influenza, for the purpose of preventing the spread of such epidemic, was a valid measure, adopted within the power of the local city board under the authority of subdivision 3 of paragraph 4370 and on the approval of the state superintendent of public health. Necessity is the law of time and place, and the emergency calls into life the necessity for the operation of the law. The emergency calls forth the occasion to exercise the power to protect the public health.

While school trustees and educational administrative officers are invested with power to establish, provide for, govern and regulate public schools within their respective jurisdictions, they are in these respects nowise subject to the direction or control of the state or county or city boards of health, yet when the necessity arises to close the schools for the protection of the public health such emergency, while it exists, is a superior power to that given the school administration officers, and the law of necessity controls the situation during the existence of the emergency giving rise to the power.

The supreme court of Massachusetts, in *Salem* v. *Eastern Ry. Co.,* 98 Mass. 431, 96 Am. Dec. 650, in speaking in regard to the right of boards of health to make general orders and enforce them without unnecessary delay, said:

"Their action is intended to be prompt and summary. They are clothed with extraordinary powers for the protection of the community from noxious influence affecting life and health, and it is important that their proceedings should be

embarrassed or delayed as little as possible by the necessary observance of formalities''—quoted in *Blue* v. *Beach,* 155 Ind. 121, 80 Am. St. Rep. 195, 214, 50 L. R. A. 64, 56 N. E. 89.

In note to *Blue* v. *Beach,* 80 Am. St. Rep. 213, it is said in part:

"Undoubtedly, every possible presumption should be indulged in favor of the validity of their action [action of boards of health]. And in determining the question a liberal construction is justified in view of the public good to be accomplished. *Hengehold* v. *Covington* [108 Ky. 752] 57 S. W. 495. Especially in the presence of a great calamity and in times of great public danger, courts will go to the greatest extent, and give the widest discretion, in reviewing regulations adopted by boards of health. *Jew Ho* v. *Williamson* [C. C.] 103 Fed. 10. The rules, regulations, and by-laws which are adopted by such boards must, however, be reasonably adapted to secure the object in view. *Wong Wai* v. *Williamson* [C. C.] 103 Fed. 1. They must not unreasonably interfere with the liberty, property, and business of the citizen. *Commonwealth* v. *Patch,* 97 Mass. 221. And whether such regulations are reasonable, impartial, and consistent with the state policy is a question for the court. *State* v. *Speyer,* 67 Vt. 502 [29 L. R. A. 573] 48 Am. St. Rep. 832, 32 Atl. 476.''

Police power of the state is described as follows:

"All persons and property are subjected to all necessary restraints and burdens, to secure the general comfort, health, and prosperity of the state.''

And it is said that "It is coextensive with self-protection and is not inaptly termed 'the law of overruling necessity.' It is that inherent and plenary power in the state which enables it to prohibit all things hurtful to the comfort and welfare of society.'' *State* v. *Burdge,* 95 Wis. 390, 70 N. W. 347, 37 L. R. A. 157, 60 Am. St. Rep. 123, citing, on page 398 of 95 Wis., on page 349 of 70 N. W., on page 160 of 37 L. R. A., and on page 125 of 60 Am. St. Rep., Tiedeman's Limitation of Police Power, 2–5; Cooley's Constitutional Limitations; *Thorpe* v. *Rutland etc. R. R. Co.,* 27 Vt. 140, 62 Am. Dec. 625; *Lake View* v. *Rose Hill Cemetery Co.,* 70 Ill. 192, 22 Am. Rep. 71; *State* v. *Noyes,* 47 Me. 189; *Waldschmit* v. *New Braunfels* (Tex. Civ. App.), 193 S. W. 1077, 1080.

It seems clear to me that the statute, chapter 1, *supra,* and the public exigency, are sufficient to justify the order of the local board of health prohibiting the, educational officers from holding sessions of school. But the exigency is met and satisfied by the disappearance of the infectious or contagious disease. As a matter of police regulation, the authority of the board of health over the schools ends with the necessity of the regulation. I have found no adjudicated case that denies the power of public bodies exercising the authority of supervising the public health, such as boards of health established by the laws of this state, to make a valid order closing schools at times when infectious or contagious disease is epidemic in the community, as is admittedly the situation at Globe when the orders here in question were made. I do find, on the other hand, cases wherein the courts treat, as a matter of course, the right of health officers to close schools at times of such emergency. I refer to the following cases as sufficient:

In *Potts* v. *Breen,* 167 Ill. 67, 75, 59 Am. St. Rep. 262, 268, 39 L. R. A. 152, 155, 47 N. E. 81, 84, the court said:

"Undoubtedly, also, children infected with or exposed to smallpox may be temporarily excluded or the school be temporarily suspended; but, like the exercise of similar power in other cases, such power is justified by the emergency, and, like the necessity which gives rise to it, ceases when the necessity ceases."

In *Duffield* v. *Williamsport School District,* 162 Pa. 476, 29 Atl. 742, 25 L. R. A. 152, the court said, as quoted in *Blue* v. *Beach,* 155 Ind. 121, 138, 80 Am. St. Rep. 195, 208, 50 L. R. A. 64, 71, 56 N. E. 89, 95:

"It would not be doubted that the directors would have the right to close the schools temporarily during the prevalence of any serious disease of an infectious or contagious character. This would be a refusal of admission to all the children of the district."

The appellant complains that the order or regulation of the local health board does not limit the time for its operation, and it is therefore void. It is conceded, however, that the epidemic of Spanish influenza was prevalent at Globe at the time of the adoption of the said order. The authority to adopt the order closing the schools arose from the prevalence of Spanish influenza in Globe in epidemic form at that time,

and as was said in *Cox* v. *Board of Education,* 21 Utah, 418, 60 Pac. 1017: "The order made has no effect beyond the existence of the emergency." See *Waldschmidt* v. *New Braunfels* (Tex. Civ. App.), 193 S. W. 1077. In *Zucht* v. *San Antonio School Board* (Tex. Civ. App.), 170 S. W. 840, the same question arose. The court there said on page 843:

"It is contended that, as the regulation in question does not provide when it is to expire, it is permanent, and to be enforced, whether or not conditions justify it, and therefore void. We cannot agree with such contention. Ordinances and regulations which are valid when measured by existing conditions become unenforceable when such conditions cease. Dillon on Municipal Corp. (5th Ed.) § 591. But they need not provide the time when they shall cease to be in effect, or that they shall expire when certain conditions change."

I am of the opinion that the measure adopted by the local board of health, closing the schools of the Globe school district, was, at the time adopted, a valid, enforceable order and regulation for the purpose of reasonably protecting the public health, under authority of chapter 1, title 41, paragraph 4370, subdivision 3; that during the existence of said disease in epidemic form in said community said regulation was binding upon the educational administrative officers, and continued binding so long as such epidemic continued in such form, and no longer.

Holding such views, I am of the opinion that the judgment must be affirmed.

ROSS and BAKER, JJ., concur.

---

On power of board of health as to nuisances, generally, see note in 36 L. R. A. 603.